Venkat Balasubramani (SBN 189192)
**Focal PLLC**
800 Fifth Ave, Suite 4100
Seattle, WA 98104
Phone: (206) 529-4827
Fax: (206) 260-3966
*venkat@focallaw.com*

Attorneys for PadMapper, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIGSLIST, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>3TAPS, INC., a Delaware corporation; PADMAPPER, INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. CV-12-03816 CRB<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PADMAPPER, INC.'S LIMITED MOTION TO DISMISS**<br><br>Judge:     Hon. Charles R. Breyer<br>Date:      December 7, 2012<br>Time:     10:00 a.m.<br>Courtroom:  6 |
| 3TAPS, INC. and PADMAPPER, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CRAIGSLIST, INC.,<br><br>Counterclaim Defendant. | |

1

## NOTICE OF MOTION AND MOTION

2    TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

3          PLEASE TAKE NOTICE that on December 7, 2012, at 10:00 a.m., or as soon thereafter

4    as the matter may be heard in Courtroom Six of this Court, located on the 17th Floor of 450

5    Golden Gate Avenue, San Francisco, California, 94102, the Honorable Charles R. Breyer

6    presiding, Defendant PadMapper, Inc. will and hereby does move this Court for an order

7    dismissing Plaintiff craigslist's (1) third claim for relief for breach of contract; (2) its fourth,

8    fifth, sixth, eighth, and ninth claims for relief for federal trademark infringement, federal false

9    designation of origin, federal dilution of a famous mark, California trademark infringement and

10    common law trademark infringement, respectively; and (3) its tenth claim for relief for unfair

11    competition under California law.

12          This motion is based upon this Notice of Motion and Motion, the accompanying

13    Memorandum of Points and Authorities, all of the records on file in this action, and upon such

14    other and further argument that the Court may permit at the hearing in this matter.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION AND MEMORANDUM
OF POINTS & AUTHORITIES
                                        Case No. CV-12-03816 CRB

# I.     INTRODUCTION

This is a lawsuit brought by craigslist to maintain control over listings that end users post to the craigslist site. While craigslist attempts to utilize a variety of legal theories to control exclusive access to its user submitted listings and control their distribution, the Court should ultimately reject these efforts.  To the extent the listings in question are copyrightable at all, craigslist does not own all rights in the individual listings, and should not be permitted to control their display or access.  Even assuming craigslist does have ownership over the individual listings, it should not be able to prevent a third party such as PadMapper from making those listings available on a limited basis, and in a way that enhances their usability and searchability for consumers.

PadMapper requests the Court to dismiss craigslist's breach of contract claim against it. This claim is premised on the alleged breach of a provision in the craigslist website's Terms of Use that prohibits republication and distribution of craigslist listings—the very same conduct that forms the basis of craigslist's first claim for relief for copyright infringement.  Consequently, craigslist's breach of contract claim is preempted by the Copyright Act.

Similarly, craigslist cannot maintain its Lanham Act claims against PadMapper to the extent those claims are premised on PadMapper's alleged display of craigslist listings along with identifying features contained in those materials. Both craigslist's state and federal trademark-based claims are precluded by the Supreme Court's decision in <u>Dastar Corporation v. Twentieth Century Fox Film Corporation</u>.  The Court should dismiss craigslist's trademark claims against PadMapper, or in the alternative require craigslist to file a more definite statement as to these claims.

Finally, the Court should also dismiss craigslist's unfair competition claim for the same reasons as it should dismiss the Lanham Act and breach of contract claims.

# II.     BACKGROUND

craigslist is a well known provider of classified advertising services that cover an array of product and service categories and geographic areas.  In this lawsuit it sued 3Taps, an entity that craigslist alleges improperly provides third parties with access to craigslist listings.  craigslist has

also sued PadMapper, an entity that makes available housing rental listings graphically depicted and overlaid on a map, for ease of searching by end users.  With respect to PadMapper, craigslist asserts: (1) a federal copyright infringement claim, based on PadMapper's allegedly improper display and reproduction of craigslist listings (Claim I); (2) a claim for breach of contract, based on PadMapper's alleged violation of craigslist's Terms of Use and PadMapper's "display," "distribution," "copying," and "aggregation" of craigslist listings (Claim III); (3) various federal, state and common law trademark-related claims, based on vague allegations of PadMapper's use of craigslist marks (Claims IV, V, VI, VIII, and IX); and (4) a claim for unfair competition under California law, that piggybacks on craigslist's remaining claims (Claim X).  craigslist brings these claims against 3Taps as well, but in addition brings claims against 3Taps for contributory copyright infringement (Claim II) and cybersquatting (Claim VII).

The core of craigslist's claims against PadMapper seek to prevent PadMapper from using indexed factual information culled from craigslist listings—that PadMapper does not obtain directly from craigslist—in order to provide PadMapper's search and map features.  Its copyright and breach of contract claims are both squarely premised on this conduct.  craigslist's trademark claims are also premised on this conduct, and not on allegations that PadMapper used craigslist's trademarks or any confusing variations of craigslist's marks to brand any products or services offered by PadMapper.  craigslist's unfair competition claim under California Civil Code § 17200 is a catch all claim derivative of its copyright claims and Lanham Act claims, and should be dismissed.

## III.    DISCUSSION

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can either be based on the lack of a "cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  While the Court is required to accept well pleaded allegations as true, it need not accept mere legal allegations— "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atl. Corp. v.

1   Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both

2   "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that

3   the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair

4   to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633

5   F.3d 1191, 1204 (9th Cir. 2011).

6   **A.      The Copyright Act Preempts craigslist's Breach of Contract Claim**

7          A cause of action is preempted under 17 U.S.C. § 301(a) if: (1) the work involved falls

8   within the general subject matter of the Copyright Act as specified by sections 102 and 103; and

9   (2) the rights that the plaintiff asserts under state law are equivalent to those exclusively vested in

10  the copyright owner under section 106 of the Copyright Act.  *See* 17 U.S.C. 301(a); Downing v.

11  Abecrombie & Fitch, 265 F.3d 994, 1003 (9th Cir. 2001).  "Copyright preemption is both

12  explicit and broad." G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Service, Inc., 958 F.2d

13  896, 904 (9th Cir. 1992).  Federal copyright law preempts any state law claim that "depends on

14  the same conduct which underpins [the] copyright claims." Idema v. Dreamworks, Inc., 162 F.

15  Supp. 2d 1129, 1191 (C.D. Cal. 2001).  State law causes of action are generally preempted when

16  they seek damages that are identical to those sought for copyright infringement, *see*, *e.g.*,

17  Bucklew v. Hawkins, Ash, Baptie & Co., 329 F. 3d 923, 934 (7th Cir. 2003), or where they seek

18  to vindicate the same rights as plaintiff's copyright claims.  *See* Morris v. Buffalo Chips Bootery,

19  Inc., 160 F. Supp. 2d 718, 721 (S.D.N.Y. 2001).

20         In the Ninth Circuit, breach of contract claims premised on the mere unauthorized use of

21  copyrighted material are preempted.  *See* Del Madera Properties v. Rhodes & Gardner, Inc., 820

22  F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds* by Fogerty v. Fantasy, Inc., 510 U.S.

23  517 (1994); *see also* Warner Bros. v. American Broadcasting Cos., 720 F.2d 231, 247 (2d Cir.

24  1983) ("State law claims that rely on the misappropriation branch of unfair competition are pre-

25  empted."); Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905 (2d Cir. 1980) (same).  The key

26  question in a case raising a breach of contract claim is the nature of the promise that the plaintiff

27  is trying to enforce.  Montz v. Pilgrim Films & TV, Inc., 649 F.3d 975, 980 (9th Cir. 2011).  As

28  the Ninth Circuit stated in Montz, "[t]o survive preemption, a state cause of action must assert

1    rights that are qualitatively different from the rights protected by copyright . . . ." Id. Mortgage

2    Mkt. Guide, LLC v. Freedman Report, LLC is instructive, and canvasses the law on preemption

3    and terms of service agreements. *See* Mortg. Mkt. Guide, LLC v. Freedman Report, LLC, No.

4    06CV140, 2008 U.S. Dist. LEXIS 56871, at *117-118 (D.N.J. July 28, 2008).  There the court

5    stated that where "the promise amounts only to a promise to refrain from reproducing,

6    performing, distributing or displaying the work, then the contract claim is preempted." Id.

7    (citing Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 457 (6th Cir. 2001), *cert. denied*, 534

8    U.S. 1114 (2002)); *see also* 1 NIMMER ON COPYRIGHT § 1.01[B][1][a][iii] ("[A] breach of

9    contract cause of action can serve as a subterfuge to control nothing other than the reproduction,

10   adaptation, public distribution, etc. of works within the subject matter of copyright. Those

11   instances are . . . pre-empted.")).

12          Here, craigslist's breach of contract claim is premised solely on PadMapper's alleged

13   exploitation of craigslist's copyrighted material in violation of the craigslist Terms of Use.

14   craigslist alleges that PadMapper "copied, aggregated, displayed, distributed, and made

15   derivative use of the craigslist website and the content posted therein." (Complaint, ¶ 112.)

16   Indeed, in describing the crux of the lawsuit, craigslist says that it "has every right to limit the

17   copying and distribution of craigslist content." (Complaint, ¶ 8.)  craigslist's breach of contract

18   allegations are premised on rights that are vested in the copyright owner under the Copyright

19   Act—*i.e.*, craigslist's contract claim seeks to vindicate rights identical to those it seeks to protect

20   under its copyright claim.  *See* 17 U.S.C. § 106.  craigslist does not allege anything "qualitatively

21   different" that takes its breach of contract claim outside the scope of copyright preemption.

22   Accordingly, the breach of contract claim is preempted by the Copyright Act.

23   **B.    craigslist's Trademark Claims are Precluded by Dastar**

24          craigslist asserts trademark claims against PadMapper, but its claims appear to be based

25   on the inclusion of craigslist's copyright notice in listings that PadMapper makes available via its

26   site, or use of content or material that is allegedly owned by craigslist and that identifies

27   craigslist.  These claims are merely copyright claims disguised as trademark claims, and are

28   precluded by Dastar Corporation v. Twentieth Century Fox Film Corporation, 539 U.S. 23, 28

MOTION AND MEMORANDUM                    4                    Case No. CV-12-03816 CRB
OF POINTS & AUTHORITIES

1  (2003); *see also* <u>Shaw v. Lindheim</u>, 919 F.2d 1353, 1364-65 (9th Cir. 1990) (declining to

2  "expand the scope of the Lanham Act to cover cases in which the Federal Copyright Act

3  provides an adequate remedy").

4         In <u>Dastar v. Twentieth Century Film Fox Corp.</u>, the Supreme Court narrowed the scope

5  of available Lanham Act claims that can be brought against sellers or distributors of

6  communicative products.  539 U.S. at 28.  In <u>Dastar</u>, Dastar distributed a video (ownership of

7  which was in the public domain) without proper attribution.  Mindful of a contrary rule that

8  would create "a species of mutant copyright law that limits the public's . . . right to copy and use

9  expired copyrights," the Supreme Court held that "origin," in the context of the Lanham Act

10 refers only to the manufacturer or producer of a physical good and not to the creator or owner of

11 the underlying intellectual property.  As a result, Dastar was not liable for "any false designation

12 of origin" because Dastar was the "origin" of the modified video series.

13        Courts have applied <u>Dastar</u> to bar trademark claims where the core allegation against the

14 defendant is the improper reproduction of the plaintiff's copyrighted material.  *See*, *e.g.*, <u>Bach v.</u>

15 <u>Forever Living Prods. U.S., Inc.</u>, 473 F. Supp. 2d 1110, 1116 (W.D. Wash. 2007) (citing <u>Dastar</u>

16 and noting that the Supreme Court has cautioned "against misuse or over-extension of trademark

17 and related protections into areas traditionally occupied by patent or copyright"); <u>Corbis Corp. v.</u>

18 <u>Amazon.com, Inc.</u>, 351 F. Supp. 2d 1090, 1116 (W.D. Wash. 2004) (declining to recognize false

19 designation of origin claim based on allegation that defendant displayed plaintiff's images

20 without crediting plaintiff or its photographers); <u>Martin v. Walt Disney Internet Group</u>, No.

21 09CV1601, 2010 U.S. Dist LEXIS 65036 (S.D. Cal. 2010) (Lanham Act claim based on

22 incorrect attribution of photograph through misspelling precluded by <u>Dastar</u>); <u>Fractional Villas,</u>

23 <u>Inc. v. Tahoe Clubhouse</u>, No. 08CV1396, 2009 U.S. Dist. LEXIS 4191, at *10-11 (S.D. Cal. Jan.

24 22, 2009) (claim based on inclusion of plaintiff's material on defendant's website barred by

25 <u>Dastar</u>).  For example, in <u>Fractional Villas, Inc. v. Tahoe Clubhouse</u>, the plaintiff asserted a

26 trademark and a copyright claim based on defendant's use of plaintiff's copyrighted material.  <u>Id</u>.

27 The court rejected the trademark claims:

28        Plaintiff has not accused defendants of taking tangible objects or services,

repackaging them, and selling them under defendants' name. Rather, *plaintiff has accused defendants of incorporating copyrighted materials into defendants' website*. Therefore, the Court finds plaintiff has failed to plead a cause of action under the Lanham Act.

Id. (emphasis added).  Other cases have taken a similar approach, concluding that even misattribution of copyrighted material is not actionable under the Lanham Act. *See* Martin v. Walt Disney Internet Group, No. 09CV1601, 2010 U.S. Dist LEXIS 65036, at *25 (S.D. Cal. 2010).

    1.    Dastar precludes false designation claims based on PadMapper's display of craigslist listings.

Here, craigslist's trademark claims are premised entirely on PadMapper's display of craigslist listings.  (*See* Complaint, §§ 70-81, alleging for example that the "craigslist postings displayed by PadMapper are identical to the craigslist postings as they appear on craigslist's website").  craigslist does not allege that PadMapper branded any of its products or services with a name that is confusingly similar to "craiglist."  To the contrary, craigslist claims that appearance of craigslist listings on the PadMapper website will confuse consumers as to whether PadMapper's site "[is] associated or connected with craigslist, or [has] the sponsorship, endorsement, or approval of craigslist."  (Complaint, § 127.)  As in Martin v. Walt Disney and Fractional Villas, craigslist's Lanham Act claims based on the display of craigslist listings on PadMapper's website are precluded by Dastar.

    2.    Dastar applies equally to craigslist's dilution and infringement claims.

There is scant case law expressly addressing whether Dastar applies to dilution claims or infringement claims, but Dastar should apply equally to these types of claims: trademark infringement under 15 U.S.C. § 1114 and unfair competition under U.S.C. § 1125 "are measured by identical standards."  World Wresting Fed'n Entm't, Inc. v. Big Dog Holdings, Inc., 280 F. Supp. 2d 413, 445 (W.D. Penn. 2003); Brookfield Communs. v. W. Coast Entm't Corp., 174 F.3d 1036, 1046 (9th Cir. 1999) (noting that 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)(1) of the Lanham Act embody the "same standard").  Dastar dealt with claims under section 43(a)(1)(A), the prong dealing with origin, sponsorship, or approval, but the Ninth Circuit

1  extended <u>Dastar</u>'s rationale to section 43(a)(1)(B), the section dealing with the "nature,

2  characteristics, [or] qualities" of a product.  *See* <u>Baden Sports, Inc. v. Molten USA, Inc.</u>, 556

3  F.3d 1300, 1305 (Fed. Cir. 2009) (citing and discussing <u>Sybersound Records, Inc. v. UAV Corp.</u>,

4  517 F.3d 1137, 1144 (9th Cir. 2008)).

5      <u>Sybersound</u> is instructive as to why craigslist's claims for infringement and dilution

6  should be barred.  There, plaintiff brought copyright claims and Lanham Act claims; its Lanham

7  Act claims were premised on defendant's misrepresentation regarding the licensing status of

8  copyright material in question.  The Ninth Circuit rejected Sybersound's argument, and held that:

9      [c]onstruing the Lanham Act to cover misrepresentations about copyright
10     licensing status . . . would allow competitors engaged in the distribution of
       copyrightable materials to litigate the underlying copyright infringement
11     when they have standing to do so because they are nonexclusive licensees
       or third party strangers under copyright law.
12

13  <u>Sybersound</u>, 517 F.3d at 1144.  <u>Sybersound</u> is on point.  To allow craigslist to assert any species

14  of trademark claim based on attribution or non-attribution of the source of craigslist listings—

15  whether in the form of dilution, infringement, or false designation of origin—would allow

16  craigslist to radically expand the scope of its copyright protection in the listings at issue.  Given

17  the tenuous claims that craigslist has on these listings to begin with, the Ninth Circuit's

18  admonition from <u>Sybersound</u> is particularly relevant in this case.

19  **C.    craigslist's Unfair Competition Claims Should Also be Dismissed**

20     The precise basis for craigslist's unfair competition claims is not clear.  This appears to

21  be a catchall claim brought by craigslist against PadMapper.  However, unfair competition

22  claims based on misappropriation of content are clearly preempted by the Copyright Act. 1

23  NIMMER ON COPYRIGHT § 1.01[B][1][f][iii] ("[e]xcept for a few stray rulings, legions of cases . .

24  . have held preempted claims for misappropriation") (citations omitted); <u>Del Madera Properties</u>

25  <u>v. Rhodes & Gardner, Inc.</u>, 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds* by

26  <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994); <u>Warner Bros. v. American Broadcasting Cos.</u>, 720

27  F.2d 231, 247 (2d Cir. 1983) ("State law claims that rely on the misappropriation branch of

28  unfair competition are pre-empted.").  To the extent its unfair competition claims rely in its

trademark law claims, the Court should dismiss these claims as well.

## IV.    CONCLUSION

For the reasons set forth above, PadMapper respectfully requests that the Court grant its motion and dismiss craigslist's breach of contract claim (its third claim for relief), trademark claims (its fourth, fifth, sixth, eighth, and ninth claims for relief), and its unfair competition claim (its tenth claim for relief).

Dated: October 30, 2012

Respectfully submitted,

**Focal PLLC**

By: */s/ Venkat Balasubramani*
    Venkat Balasubramani

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on Tuesday October 30, 2012, I caused the foregoing (1) Motion to Dismiss and Memorandum in Support and (2) a Proposed Order, to be filed via the CM/ECF system and served on opposing counsel via electronic notification.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on October 30, 2012 at Seattle, Washington.


*/s/ Venkat Balasubramani*
Venkat Balasubramani