**PERKINS COIE LLP**
BOBBIE WILSON (No. 148317)
bwilson@perkinscoie.com
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050

**PERKINS COIE LLP**
BRIAN P. HENNESSY (No. 226721)
bhennessy@perkinscoie.com
J. PATRICK CORRIGAN (No. 240859)
pcorrigan@perkinscoie.com
NANCY CHENG (No. 280682)
ncheng@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  650.838.4300
Facsimile:  650.838.4595

Attorneys for Plaintiff
craigslist, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIGSLIST, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>3TAPS, INC., a Delaware corporation; PADMAPPER, INC., a Delaware corporation; DISCOVER HOME NETWORK, INC., a Delaware corporation d/b/a LOVELY; HARD YAKA, INC., a Delaware corporation; BRIAN R. NIESSEN, an individual; ROBERT G. KIDD, an individual; and Does 1 through 25, inclusive,<br><br>            Defendants. | Case No. CV 12-03816 CRB<br><br>**PLAINTIFF CRAIGSLIST, INC.'S OPPOSITION TO PADMAPPER, INC.'S PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        January 16, 2015<br>Time:        10:00 a.m.<br>Courtroom:   6, 17th Floor<br>Judge:       Hon. Charles R. Breyer |

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

# TABLE OF CONTENTS

I.     PADMAPPER'S INFRINGEMENT OF CRAIGSLIST REAL ESTATE
POSTINGS. .......................................................................................................... 1

A.     Disputed Issues Of Fact Preclude Summary Judgment On Whether PadMapper's
Display Of craigslist Postings Infringes. .................................................. 2

1.     There Is Already Evidence In The Record Of PadMapper Using More Than Bare
Facts In Its Summary Bubbles And Further Discovery Could Elicit More. .................... 3

2.     PadMapper's Self-Serving Declaration That Its Framing Of craigslist Postings Is
Inline Linking Does Not Support Summary Judgment. .................................... 5

B.     Disputed Issues Of Fact Preclude Summary Judgment On Whether PadMapper's
Wholesale Copying Of craigslist Postings Infringes. ................................ 6

1.     There Are Disputed Issues Of Fact As To The Effect Of PadMapper's Use On The
Potential Market For craigslist Postings. .......................................... 6

2.     The Purpose And Character Of PadMapper's Use Does Not Support Its Fair Use
Defense. .............................................................................................................. 9

3.     There Are Disputed Issues Of Fact As To Whether The Nature Of craigslist's
Copyrighted Postings Support The Fair Use Defense. ................................. 14

4.     There Are Disputed Issues Of Fact As To Whether PadMapper Copies More Than
What Is Needed To Accomplish Its Supposed Transformative Use. ......................... 16

II.    PADMAPPER'S INFRINGEMENT OF CRAIGSLIST'S COMPILATION.
18

A.     craigslist's Compilation Is An Original, Carefully Curated Compilation Of
Postings, Not The Rote Bulletin Board That PadMapper Tries To Pass It Off As.18

1.     craigslist Easily Exercises Sufficient Originality And Creativity In Its Selection Of
Listings. .................................................................................................. 19

2.     craigslist Exhibits Sufficient Originality And Creativity In Its Arrangement Of
Listings. .................................................................................................. 26

B.     There Are Disputed Issues Of Fact As To Whether PadMapper Infringes
craigslist's Original And Creative Compilation. ...................................... 28

1.     Infringement Of craigslist's Original And Creative Selection. ...................... 28

2.     Infringement Of craigslist's Original And Creative Arrangement. .................. 30

III.    WHETHER CRAIGSLIST SUFFERED TRESPASS HARM FROM
PADMAPPER'S SCRAPING IS A HOTLY CONTESTED ISSUE DEPENDENT  ON
EXPERT TESTIMONY AND ABOUT WHICH DISCOVERY IS ONGOING. .......... 32

IV.    SUMMARY JUDGMENT IS NOT WARRANTED ON
MISAPPROPRIATION  BECAUSE KEY FACTS ARE IN DISPUTE. ...................... 35

A.     craigslist's Misappropriation Claim Based On PadMapper's Wrongful Use Is Not
Preempted. ............................................................................................. 35

B.     craigslist Raises A Valid Misappropriation Claim Under The Hot News Doctrine.
.................................................................................................................. 35

1.     There Is No Dispute That PadMapper Competes With craigslist. .................. 36

2.     craigslist Postings Are Highly Time-Sensitive. ....................................... 36

3.     PadMapper Freerides In The Purest Sense Of The Word. ............................. 37

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO

-i-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Cases**

3
*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ................................................. 9

4
*Antioch Co. v. Scrapbook Borders, Inc.*, 291 F. Supp. 2d 980 (D. Minn. 2003) ........................... 12

5
*Assessment Techs. of Wi, LLC. v. WIREdata, Inc.,* 350 F.3d 640 (7th Cir. 2003)......................... 32

6
*Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537 (S.D.N.Y. 2013)10, 12, 17

7
*Authors Guild, Inc. v. Google Inc.*, 954 F. Supp. 2d 282 (S.D.N.Y. 2013) ............................. 10, 17

8
*Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876 (2nd Cir. 2011) ............... 37, 38

9
*Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522 (S.D.N.Y. 1991)...................... 12

10
*BellSouth Adver. & Pub. Corp. v. Donnelley Info. Pub., Inc.,* 999 F.2d 1436 (11th Cir.
1993) ......................................................................................................... 24, 25, 27, 28

11

12
*Brookhaven Typesetting Servs., Inc. v. Adobe Sys., Inc.*, No. C-01-20813 RMW, 2007 WL
2429653 (N.D. Cal. Aug. 24, 2007) ........................................................................... 30

13
*BUC Intern. Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129 (11th Cir. 2011)......................... 27

14
*Byrne v. British Broad. Corp.*, 132 F. Supp. 2d 229 (S.D.N.Y. 2001) ................................. 7, 8, 16

15
*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) ................................................. 6, 7, 9, 16

16
*CCC Info. Servs., Inc. v. Maclean Hunter Market Reports, Inc.*, 44 F.3d 61 (2nd Cir.
1994) ......................................................................................................................... 27

17

18
*DSMC Inc. v. Convera Corp.*, 479 F. Supp. 2d 68 (D.D.C. 2007) .......................................... 32

19
*eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058 (N.D. Cal. 2000) ........................... 33, 34

20
*Eckes v. Card Prices Update,* 736 F.2d 859 (2nd Cir. 1984) ....................................................... 23

21
*Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068 (9th Cir. 2000) ..................................................... 4

*Fiest Publ'ns, Inc. v. Rural Tel. Servs. Co., Inc.*, 499 U.S. 340 (1991)................................... 18, 27

22

23
*Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177 (D. Mass. 2007)........................................ 12

*Folsom v. Marsh*, 9 F. Cas. 342 (C.C.D. Mass. 1841) (No. 4,901) ............................................. 11

24

25
*G.S. Rasmussen & Assocs. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896 (9th Cir. 1992) ............... 35

*Harper & Row Pub., Inc. v. Nation Enters.*, 471 U.S. 539 (1985) ......................................... 12, 13

26
*Henley v. DeVore*, 733 F. Supp. 2d 1144 (C.D. Cal. 2010)............................................................ 9

27
*Infinity Broad. Corp. v. Kirkwood*, 150 F.3d 104 (2nd Cir. 1998) ............................................... 11

28

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO

-ii-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

*Int'l News Serv. v. Associated Press*, 248 U.S. 215 (1918) ..................................................... 38, 39

*Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524 (8th Cir. 1999) ........................................... 5

*Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003) .............................................. 10, 11, 17

*Key Publ'ns, Inc. v. Chinatown Today Pub. Enters., Inc.*, 945 F.2d 509 (2nd Cir. 1991)....... 19, 23

*L.A. Printex Indus. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012) .......................................... 18

*Lish v. Harper's Magazine Found.*, 807 F. Supp. 1090 (S.D.N.Y. 1992) ...................................... 14

*Manning v. Georgia Med. Billing Specialists, Inc.*, No. CV204-186, 2005 WL 2886037, at
    *1 (S.D. Ga. Nov. 1, 2005) ...................................................................................... 5, 17, 29

*Marcus v. Rowley,* 695 F.2d 1171 (9th Cir. 1983) .......................................................................... 11

*Metropolitan Regional Information Systems, Inc. v. American Realty Network Inc.*, 888 F.
    Supp. 2d 691 (D. Md. 2012) ................................................................................................. 23, 24

*Monge v. Maya Magazines, Inc.*, 688 F.3d 1164 (9th Cir. 2012) .............................................. 7, 14

*Montgomery Cnty. Ass'n Of Realtors, Inc. v. Realty Photo Master Corp.*, 878 F. Supp. 804
    (D. Md. 1995).............................................................................................................................. 16

*Nautical Solutions Mktg. v. Boats.com,* 2004 WL 783121, *2 (M.D. Fla. Apr. 1, 2004).............. 31

*Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65 (2nd Cir. 1999) ................. 14

*Nunez v. Caribbean Intern. News. Corp.*, 235 F.3d 18 (1st Cir. 2000) ......................................... 14

*Oasis Pub. Co., Inc. v. West Pub. Co.*, 924 F. Supp. 918 (D. Minn. 1996) .................................. 13

*Open Source Yoga Unity v. Choudhury*, No. C 03-3182 PJH, 2005 WL 756558, at *4
    (N.D. Cal. Apr. 1, 2005) ............................................................................................................ 28

*Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146 (9th Cir. 2007)........................... 6, 10, 11, 17

*Peter Letterese & Assocs., Inc. v. World Inst. Of Scientology Enters., Int'l.,* 533 F.3d 1287
    (11th Cir. 2008).......................................................................................................................... 11

*Pryor v. Warner/Chappell Music, Inc.*, No. CV 13–04344 RSWL (AJWx), 2014 WL
    2812309, at *7 (C.D. Cal. June 20, 2014)................................................................................. 30

*Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393 (2nd Cir. 2004)................................................... 34

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 923 F. Supp. 1231 (N.D.
    Cal. 1995).................................................................................................................................... 9

*Righthaven LLC v. Choudhry*, No. 2:10–CV–2155 JCM (PAL), 2011 WL 1743839, at *2
    (D. Nev. May 3, 2011) ............................................................................................................... 6

*Salinger v. Random House, Inc.*, 811 F.2d 90 (2d Cir. 1987)....................................................... 29

*Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992) ............................................. 32

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO

-iii-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

*Skinder-Strauss Assocs. v. Massachusetts Continuing Legal Educ., Inc.*, 914 F. Supp. 665
(D. Mass. 1995) ........................................................................................................... 29

*Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984) ......................................... 7

*Stewart Title of California, Inc. v. Fidelity Nat'l Title Co.*, 279 Fed. Appx. 473, 475-76
(9th Cir. 2008) ............................................................................................................ 35

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) ................................................. 30

*Ticketmaster Corp. v. Tickets.com, Inc.*, No. CV997654HLHVBKX, 2003 WL 21406289,
at *5 (C.D. Cal. March 7, 2003) ................................................................................... 31

*U.S. Golf Assoc. v. Arroyo Software Corp.*, 69 Cal. App. 4th 607 (Cal. Ct. App. 1999) .............. 35

*United States v. Am. Soc. Of Composers, Authors, Publishers*, 599 F. Supp. 2d 415
(S.D.N.Y. 2009) ............................................................................................................ 9

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191 (2003) ................................ 9

*VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472 (9th Cir. 1986) ...................... 4

*Want Ad Digest , Inc. v. Display Adver., Inc.*, 653 F. Supp. 2d 171 (N.D.N.Y. 2009) ...... 20, 23, 28

*Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513 (S.D.N.Y. 2008) ......................... 29

*Warren Publ'g, Inc. v. Microdos Data Corp.*, 115 F.3d 1509 (11th Cir. 1997) ............... 23, 25, 27

*White v. West Publ'g Corp., No. 12 CIV 1340 JSR*, 2014 WL 3057885, at *2 (S.D.N.Y.
July 3, 2014) ................................................................................................................ 10

*Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110 (9th Cir. 2000) ............ 16

**Statutes**

17 U.S.C. § 107 ............................................................................................................................... 6

17 U.S.C. § 501(a) ....................................................................................................................... 31

FRCP 56(f) ..................................................................................................................................... 5

FRCP 56(d) .............................................................................................................................. 4, 40

Perkins Coie LLP
Attorneys At Law
Palo Alto

-iv-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1

## <u>SUMMARY OF ARGUMENT</u>

2   PadMapper filed this Motion prematurely.  There have been *no depositions* in this case,

3   and fact discovery is far from complete and *does not close until April 2015*.  Expert witnesses

4   have not been named, let alone had time to evaluate and report on the highly technical issues on

5   which PadMapper, remarkably, asks this Court to order summary judgment.  The Motion should

6   be denied outright as premature.  Short of that, it should be taken off calendar until discovery is

7   complete.  Federal Rule of Civil Procedure ("FRCP") 56(d) authorizes either ruling by this Court.

8   The Motion fails substantively, as well.  Each claim on which PadMapper seeks summary

9   judgment is rife with disputed issues of fact:

10   • PadMapper claims it displays only "facts" in its "Summary Bubbles," but evidence

11   already in the record proves it has displayed more than that, with additional

12   discovery on this question still to come.  *See* Part I(A)(1), *infra*.

13   • PadMapper claims its framing of complete craigslist postings is merely "inline

14   linking," but the record is entirely undeveloped as to whether that is true.  *See* Part

15   I(A)(2), *infra*.

16   • PadMapper claims its wholesale copying of craigslist postings is fair use, but that

17   defense depends on hotly disputed issues of fact.  *See* Part I(B), *infra*.

18   • PadMapper tries to dismiss the copyrightability of craigslist's compilation of

19   postings (which PadMapper also copies).  But the undisputed evidence shows that

20   the compilation is highly expressive, creative, and carefully curated.  Only

21   postings that meet craigslist's expressive and creative vision are included in the

22   compilation that PadMapper copies.  *See* Part II(A), *infra*.

23   • PadMapper contends that it does not infringe craigslist's compilation by asserting

24   that it copies only 40%-60% of the postings.  The statement is inadmissible and

25   comes from a self-serving declaration, which is inadequate on summary judgment,

26   particularly on a premature motion like this.  *See* Part II(B), *infra*.

27

28

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

-i-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

- PadMapper asserts that its scraping does not damage craigslist's computers, but this is an area where the factual record is incomplete, and for which there are hotly disputed issues of fact as to when it scraped, the extent of the scraping, and the extent of harm caused by the scraping.  These are also all facts that will require expert testimony, which is at this point premature.  *See* Part III, *infra*.

- PadMapper argues that craigslist's misappropriation claim is preempted, but it ignores persuasive authority that misappropriation of this sort under California law is *not* preempted by the Copyright Act.  Also, even under the so-called "hot news" exception, disputed issues of fact persist about whether PadMapper attributes postings to craigslist.  (The time-sensitive nature of craigslist's postings and PadMapper's competition with craigslist are not disputed, and cut in craigslist's favor, notwithstanding PadMapper's arguments to the contrary, because it admitted those facts in its answer.)  *See* Part IV, *infra*.

For these and additional reasons discussed more fully below, PadMapper's Motion should be denied.

Perkins Coie LLP
Attorneys At Law
Palo Alto

-ii-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      PADMAPPER'S INFRINGEMENT OF CRAIGSLIST REAL ESTATE POSTINGS.**

PadMapper concedes that craigslist's real estate postings are copyrightable.  It merely argues that its copying and display of those postings does not infringe.  Its arguments ignore the myriad hotly disputed facts that must be resolved before craigslist's claims can be adjudicated.

In arguing that its display of postings in its Summary Bubble feature does not infringe because it only displays "facts" from the postings, PadMapper focuses only on what the Summary Bubbles look like today.  It ignores the prior versions (of which craigslist is *currently* aware) that included much more of the postings, including photographs and titles.  And discovery is not even close to complete—there could be many more versions of the Summary Bubble that include other aspects of the postings.

In arguing that its display of complete craigslist postings with a PadMapper-themed "frame" around them does not infringe, PadMapper cites only to a self-serving declaration from its founder, whom has yet to be deposed, that it uses inline linking for this feature.  We have no idea if that is true, however, because discovery is far from complete—and therefore summary judgment is not appropriate—on this issue, either.

Likewise, in arguing that its *copying* of complete craigslist postings (as opposed to display) is fair use, PadMapper conveniently ignores all of the disputed issues of fact that go into the four-element fair use test.  These include the potential market effect of infringement, which will depend heavily on expert testimony, among other things.  Other disputed issues include (1) whether PadMapper really does anything different than (or, transformative from) craigslist, (2) the nature of copyrighted works (which includes millions of *different* postings), and (3) whether PadMapper really needs to copy the entirety of every single craigslist posting to accomplish its supposed transformative use.  As shown below, these factors actually lean in craigslist's favor, based on the  record as it stands today.  At a minimum, however, the issues are clearly in dispute, and cannot support a summary judgment ruling at this early stage.

Perkins Coie LLP
Attorneys At Law
Palo Alto

-1-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

### A. Disputed Issues Of Fact Preclude Summary Judgment On Whether PadMapper's Display Of craigslist Postings Infringes.

PadMapper does not dispute that it displays (or, displayed) craigslist postings two ways: (1) through a Summary Bubble and (2) by "framing" full craigslist postings with a "PadMapper toolbar": (Henn´y Dec. at ¶4, Exs. 1-2.)[1] (*See* Figures 1 and 2, below.)



Figure 1
(PadMapper.com, July 2012)



Figure 2
(PadMapper.com, July 2012)

PadMapper asks the Court to rule—as a matter of law—that neither display infringes craigslist's copyrights. On the Summary Bubble, says PadMapper, only "facts" are displayed.

---

[1] Declaration of Brian P. Hennessy submitted in support of craigslist, Inc.'s Opposition to PadMapper's Motion for Summary Judgment.

Perkins Coie LLP
Attorneys At Law
Palo Alto

And the "framing" PadMapper explains away as inline linking.  Lost in PadMapper's arguments are all of the disputed facts that preclude summary judgment, especially at this early stage.  In particular, there is already evidence in the record that the Summary Bubble feature *has displayed* much more than the location and price of rental listings that PadMapper would have the Court believe.  Much more similar evidence may also come out through additional discovery.  Likewise, the record is entirely undeveloped as to what PadMapper's "framing" feature was and how it operated—indeed, PadMapper *shut the feature down* after craigslist filed this lawsuit.

          **1.**       **There Is Already Evidence In The Record Of PadMapper Using More Than Bare Facts In Its Summary Bubbles And Further Discovery Could Elicit More.**

Relying on the self-serving declaration of its CEO, PadMapper argues its display of the Summary Bubble does not constitute copyright infringement because it only displays factual information.  However, PadMapper and its CEO conveniently fail to mention that the Summary Bubble at one time also included images and listing titles scraped from craigslist's website:[2]



Figure 3
(PadMapper.com, August 2010)

---

[2] (*See* Figure 3, above.) (Henn´y Dec. at ¶5, Ex. 3.)

Perkins Coie LLP
Attorneys At Law
Palo Alto

-3-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

Likewise, PadMapper's mobile application, which it also conveniently failed to mention here, displays photographs, titles, and the expressive property descriptions:[3]

 

Figure 4
(PadMapper Mobile Application, November 2014)

The record is therefore *already* replete with examples of PadMapper displaying expressive and creative content from craigslist postings, not just "facts" gleaned from the postings. This, alone, requires denial of summary judgment. *See*, *e.g.*, *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000) (Ninth Circuit adopts the view that "almost any photograph may claim the necessary originality to support a copyright").

At a minimum, however, more discovery is needed to properly adjudicate these issues. The Court (and craigslist) does not know exactly when and for how long photographs, listing titles, and rental descriptions were displayed by PadMapper because discovery is ongoing and is not complete. Moreover, PadMapper has not been forthright in what it submitted with its Motion. *See* Part I(A)(1), *supra*. If the Court is unwilling to deny outright summary judgment on this issue, then craigslist respectfully requests that the Court deny the motion under FRCP 56(d) so that the necessary discovery can take place. *See*, *e.g.*, *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475-76 (9th Cir. 1986) (holding it an abuse of discretion to deny a

---

[3] (*See* Figure 4, above) (Henn´y Dec. at ¶6, Ex. 4.)

Perkins Coie LLP
Attorneys At Law
Palo Alto

-4-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1   party's 56(f) request where the party made a timely application that specifically identified

2   relevant information); *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 529-31 (8th Cir.

3   1999) ("As a general rule, summary judgment is proper only after the nonmovant has had

4   adequate time for discovery . . . This option exists to prevent a party from being unfairly thrown

5   out of court by a premature motion for summary judgment.") (internal citations and quotations

6   omitted).

7         **2.**     **PadMapper's Self-Serving Declaration That Its Framing Of craigslist Postings Is Inline Linking Does Not Support Summary Judgment.**

8

9         PadMapper concedes that, in addition to the Summary Bubble, it formerly displayed entire

10   craigslist postings "framed" by a PadMapper Bar.  Mot. at 7.  PadMapper argues that such display

11   did not infringe craigslist's copyright because it was done through inline linking.  The sole basis

12   for PadMapper's argument is the uncorroborated and conclusory declaration of its own self-

13   interested CEO, Eric DeMenthon.  Such uncorroborated and conclusory declarations are

14   insufficient to support a motion for summary judgment.  *See Manning v. Georgia Med. Billing*

15   *Specialists, Inc.*, No. CV204-186, 2005 WL 2886037, at *1 (S.D. Ga. Nov. 1, 2005) (denied

16   motion for summary judgment because "[t]he sole evidence offered by plaintiff . . . [was] her own

17   self-serving affidavit").  The unreliability of such a declaration is even more evident in this case,

18   where Mr. DeMenthon's Declaration has already been shown to omit material facts that are

19   adverse to PadMapper's Motion (*e.g.*, the fact that PadMapper's Summary Bubble at one time

20   displayed photographs and expressive listing titles in their entirety).

21         In reality, PadMapper's claims of using inline linking are supported only by Mr.

22   DeMenthon's unsubstantiated assertions, and PadMapper would like to preclude craigslist from

23   the necessary discovery as to the basis for Mr. DeMenthon's claims, and if  inline linking was, in

24   fact, used, the exact nature of inline linking, and whether it was the exclusive mechanism

25   PadMapper used when displaying craigslist content with the PadMapper Bar.  Mr. DeMenthon's

26   declaration notwithstanding, the craigslist postings that PadMapper displayed alongside its

27   PadMapper Bar could very well have been actual copies of craigslist postings that it stored in its

28

Perkins Coie LLP
Attorneys At Law
Palo Alto

-5-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1    database.  PadMapper's own Motion even supports this by conceding that PadMapper stores the

2    full HTML code for the craigslist listings in an "HTML table."  Mot. at 3.

3        As the record is not developed enough to make determinations such as these, summary

4    judgment is precluded.  More discovery, including analysis by and testimony from expert

5    witnesses, is needed.  *See Righthaven LLC v. Choudhry*, No. 2:10–CV–2155 JCM (PAL), 2011

6    WL 1743839, at *2 (D. Nev. May 3, 2011) (denied summary judgment because while the court

7    "[a]cknowledg[ed] that the process of 'linking' may not constitute direct copyright infringement

8    under the *Perfect 10*, the court [was] unable to conclude, as a matter of law, that the technology at

9    issue [there] [fell] into the *Perfect 10* category").  Thus, PadMapper's Motion should be denied.

**B.    Disputed Issues Of Fact Preclude Summary Judgment On Whether PadMapper's Wholesale Copying Of craigslist Postings Infringes.**

12       PadMapper concedes that it copies complete craigslist real estate postings.  Copying is

13   another of craigslist's rights protected by copyright, so PadMapper tries to convince the Court

14   that its copying is fair use (and therefore doesn't infringe).  But here again, myriad issues of

15   disputed facts preclude summary judgment.

16       The Court must consider the following factors to decide whether copying is a fair use: (1)

17   the purpose and character of PadMapper's use; (2) the nature of the copyrighted work; (3) the

18   amount and substantiality of the portion taken; and (4) the effect of the use upon the potential

19   market.  17 U.S.C. § 107.  Here, disputed issues of fact dominate each element.

**1.    There Are Disputed Issues Of Fact As To The Effect Of PadMapper's Use On The Potential Market For craigslist Postings.**

22       The effect of infringement on the potential market for the work is one of the most

23   factually dependent of the elements and it, alone, precludes summary judgment here.  This factor

24   examines whether the use harms the copyright owner by damaging the potential market for, or the

25   value of, the work.  *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994).  According to

26   the Supreme Court, harm on the market is presumed in situations like this where PadMapper's

27   use is for *commercial gain*.  *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417,

28

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

-6-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

451 (1984) ("If the intended use is for commercial gain, that likelihood may be presumed."); *see also Campbell*, 510 U.S. at 591.  To overcome that presumption, PadMapper must establish that there is no meaningful likelihood that future harm will befall craigslist from PadMapper's verbatim and wholesale copying of its postings.  Indeed, actual harm need not be present.  Merely a likelihood of future harm will tip this element in craigslist's favor.  *See Sony*, 464 U.S. at 451.

Here, PadMapper points to two things for the remarkable proposition that it wins this element as a matter of law: (1) the self-serving "PadMapper supporter" emails that it solicited from its users for this very purpose, and (2) a supposed lack of evidence produced by craigslist showing diminished value.  *See* Mot. at 19.  The first is silly and the second is a red herring.

As to the emails that PadMapper urged its users to send to craigslist,[4] there are also *unsolicited* emails from craigslist's users complaining about their craigslist postings showing up on PadMapper's site.  Powell Dec. at ¶37, Exs. 1-4.  One such complaint says that if craigslist postings continue to be redisplayed on other websites, *the user will stop using craigslist altogether*.  Powell Dec. at ¶37, Ex. 1.  This directly refutes PadMapper's contention that its solicited supporter emails show that craigslist's value is not diminished by PadMapper's infringement.  Even were emails from third parties probative of this element, the evidence cuts both ways.  At a minimum, that means there are disputed issues of fact and summary judgment is not warranted.  *See Byrne v. British Broad. Corp.*, 132 F. Supp. 2d 229, 236 (S.D.N.Y. 2001).

PadMapper's reliance on craigslist's discovery production also misses the mark.  First, proving fair use is PadMapper's burden, *not craigslist's*.  It is therefore *PadMapper's* job to marshal enough evidence, if it can, to meet all of the elements, including this one.  *See Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1184 (9th Cir. 2012).  Here, it has fallen well-short and has not even produced all of the material that craigslist has asked it for on this issue.  For instance, craigslist requested, and PadMapper has not yet produced, all evidence showing how many times a PadMapper user actually "clicked through" to a craigslist posting, as opposed to

---

[4] After craigslist demanded that PadMapper stop scraping its real estate postings, PadMapper's founder asked its users to email craigslist and complain.  He even published craigslist's CEO's email address to that end.  Henn´y Dec. at ¶7, Ex. 6.

Perkins Coie LLP
Attorneys At Law
Palo Alto

-7-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1    simply staying on PadMapper's site and browsing all of the non-craigslist postings that reside

2    there.  Evidence of little click through traffic would refute PadMapper's contention that it is

3    complimentary and would support craigslist.  To date PadMapper has not produced any of this

4    discovery.  Henn´y Dec. at ¶26, Exs. 23-24.

5           Second, craigslist has—even at this early stage of discovery—produced evidence of

6    diminished value, and this is a subject that will turn heavily on testimony by expert witnesses

7    (which the parties have not identified), in any event.  As noted above, craigslist has already

8    produced complaints about PadMapper from its users.  Since these directly contradict the only

9    evidence that PadMapper relies on regarding this element, it alone shows that there are disputed

10   issues of fact that preclude summary judgment here.  *See Byrne*, 132 F. Supp. 2d at 236.

11          But there is more.  The testimony from craigslist—whom PadMapper has not even

12   deposed yet since it is so early in the case—details the myriad ways in which PadMapper's

13   infringement harms craigslist's value.  PadMapper's scraping of craigslist postings eliminates the

14   ability of craigslist and its users to control them.  Powell Dec. at ¶37.  For example, postings

15   removed from craigslist by their author, or by craigslist, remain available on PadMapper

16   thereafter.  *Id*., Ex. 2.  Likewise, when a craigslist user edits their posting, for example by

17   changing the asking rent, this change is not reflected on PadMapper.  Similarly, if a posting

18   contains a wrong phone number, or someone else's personal identifying information, craigslist

19   promptly removes it when notified.  But the problem continues for the affected person when the

20   problematic ad has been scraped and redisplayed by PadMapper.  *Id.* at ¶37, Ex. 3.  All of these

21   instances—and many others—cause harm to craigslist's goodwill and decrease the value of the

22   craigslist website.  PadMapper's conduct also forces craigslist to expend its resources fielding,

23   analyzing, responding to, and attempting to resolve, user complaints based on PadMapper's

24   unlawful activities.  *Id.* at ¶37.

25          Of course, evidence showing diminished market value is not limited to emails from third

26   parties, or even layperson testimony.  It is the province of expert witnesses.  Experts must testify,

27   for example, on the harm to the market for derivative works, which is highly probative of this

28

Perkins Coie LLP
Attorneys At Law
Palo Alto

-8-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

element.  *See Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 202 (2003) ("factor must take into account not only harm to the original but also harm to the market for derivative works")  (internal citation and quotation omitted).  Likewise, they must weigh the potential cumulative effect of PadMapper's infringement.  That is because courts must "consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the potential market for the original." *Campbell*, 510 U.S. at 590.

Experts must be given the opportunity to opine on these, and likely other, issues before PadMapper's fair use defense is adjudicated.  *See, e.g., A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1016-17 (9th Cir. 2001) (district court relied on expert reports to find defendant's work harmed plaintiff's present and future markets); *Henley v. DeVore*, 733 F. Supp. 2d 1144, 1163 (C.D. Cal. 2010) (court relied on plaintiff's expert testimony to find market substitution and harm to plaintiff's potential market).

## 2. The Purpose And Character Of PadMapper's Use Does Not Support Its Fair Use Defense.

The Court must analyze three factors to determine whether the character and purpose of PadMapper's use qualifies as fair use: (1) whether the use is transformative, (2) whether it is commercial, and (3) whether PadMapper has acted in bad faith.  *See Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 923 F. Supp. 1231, 1243-44 (N.D. Cal. 1995).  The factors determine whether the purpose and character of defendant's use should be considered "fair."  *United States v. Am. Soc. Of Composers, Authors, Publishers*, 599 F. Supp. 2d 415, 428 (S.D.N.Y. 2009).  Here PadMapper loses on all three elements.

### a. The Use Is Not Transformative.

A work is "transformative" in this setting only when it "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message."  *Campbell*, 510 U.S. at 579.  PadMapper contends that its work is transformative

Perkins Coie LLP
Attorneys At Law
Palo Alto

-9-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

because it (1) acts as a search engine and (2) because it displays summaries of craigslist's

postings on a map.  Mot. at 14-15.  It is wrong on both fronts.

PadMapper's argument that it is a search engine that is different than craigslist is a red

herring in order to rely on *Perfect 10* and *Kelly* where the Ninth Circuit held the search engines'

copying and displaying of copyrighted images as thumbnails to be fair use.  *Perfect 10, Inc. v.*

*Amazon.com, Inc.*, 508 F.3d 1146, 1168 (9th Cir. 2007) ("Google has put Perfect 10's thumbnail

images . . . to a use fundamentally different than the use intended by Perfect 10 . . . . [W]e

conclude that Google's use of Perfect 10's thumbnails is a fair use."); *Kelly v. Arriba Soft Corp.*,

336 F.3d 811, 822 (9th Cir. 2003) ("We hold that Arriba's reproduction of Kelly's images for use

as thumbnails . . . is a fair use.").  To begin with, "use of an algorithm to crawl over and scrape

content from the Internet is surely not enough to qualify as a search engine engaged in

transformative work."  *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537,

555 (S.D.N.Y. 2013).

Indeed, "search engine" is not a magic phrase that renders automatic immunity from

copyright infringement.  Rather, the defendants' use of the thumbnail images was held to be

transformative in *Perfect 10* and *Kelly* because the search engine served a *different purpose* than

the copyrighted work.  *Perfect 10*, 508 F.3d at 1165 (the images were "created originally to serve

an entertainment, aesthetic, or informative function" while Google's use "transform[ed] the image

into a pointer directing a user to a source of information"); *Kelly*, 336 F.3d at 818 (the images

were "artistic works intended to inform and to engage the viewer in an aesthetic experience"

while "[defendant's] search engine functions as a tool to help index and improve access to images

on the internet and their related web sites.").[5]

---

[5] PadMapper's reliance on *Authors Guild* and *West Publishing* for support is also misplaced.  Just like *Perfect 10* and *Kelly*, the defendants' use in *Authors Guild* and *West Publishing* was held to be transformative because it served a different purpose than the underlying work.  *White v. West Publ'g Corp.*, No. 12 CIV. 1340 JSR, 2014 WL 3057885, at *2 (S.D.N.Y. July 3, 2014) ("[plaintiff] created the briefs solely for the purpose of providing legal services to his clients and securing specific legal outcomes" while "the defendants used the brief toward the end of creating an interactive legal research tool"); *Authors Guild, Inc. v. Google Inc.*, 954 F. Supp. 2d 282, 291 (S.D.N.Y. 2013) (Google was not a tool to be used to read books since it only offered snippets of text).

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

-10-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1   Here, PadMapper and craigslist do the same thing—facilitate apartment hunting by

2   searching and browsing through real estate postings.  And since PadMapper scrapes craigslist

3   postings to do that, they serve that same purpose with the very same content.  PadMapper labeling

4   itself a "search engine" does not magically transform it into something different.  It can call itself

5   a "search engine" all it wants, but it still won't be transformative under *Perfect 10* and *Kelly*.

6       The facts here are much more akin to those in *Marcus* and *Peter Letterese & Assocs., Inc.*

7   *v. World Inst. Of Scientology Enters., Int'l.,* 533 F.3d 1287, 1311 (11th Cir. 2008) where the court

8   held defendants' superseding uses to be non-transformative.  In *Marcus*, "both plaintiff's and

9   defendant's booklets were prepared for the purpose of teaching cake decorating."  *Marcus v.*

10  *Rowley*, 695 F.2d 1171, 1175 (9th Cir. 1983).  The Ninth Circuit emphasized that "a finding that

11  the alleged infringers copied the material to use it for the same intrinsic purpose for which the

12  copyright owner intended it to be used is strong indicia of no fair use."  *Id.*  Similarly, the

13  Eleventh Circuit explained that just because "[d]efendants' courses and materials [] attempt[] to

14  provide a user-friendly method of reading and learning from [plaintiff's work]," "[t]he course

15  materials do not reshape the instructional purpose or character of the book, or cast the book in a

16  different light through a new meaning, message, or expression."  *Peter Letterese & Assocs., Inc.*

17  *v. World Inst. Of Scientology Enters., Int'l.,* 533 F.3d 1287, 1311 (11th Cir. 2008).

18      PadMapper's reliance on its mapping feature is also a loser.  Mere repackaging is not

19  transformative: "use of copyrighted material that merely repackages or republishes the original is

20  unlikely to be deemed a fair use" and a "change of format, though useful" is not transformative.

21  *Infinity Broad. Corp. v. Kirkwood*, 150 F.3d 104, 108 (2nd Cir. 1998) (quoting Pierre N. Leval,

22  *Toward a Fair Use Standard*, 103 Harv. L. Rev. 1105, 1111 (1990)).  Instead "[t]here must be

23  real, substantial condensation of the materials, and intellectual labor and judgment bestowed

24  thereon."  *Folsom v. Marsh*, 9 F. Cas. 342, 345 (C.C.D. Mass. 1841) (No. 4,901).

25      Throwing craigslist postings up on a map is just a change in format.  It is not the sort of

26  transformative effort that qualifies for fair use.  Indeed, PadMapper concedes later in its brief that

27  its map-based feature is just an "uncopryrightable organizing principle," which is just another

28

Perkins Coie LLP
Attorneys At Law
Palo Alto

-11-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

way of saying it is a non-transformative change in format.  *See* Mot. at 32.  craigslist itself

provides a map-based format (among several others) for viewing its postings.  Powell Dec. ¶29.

### b.      PadMapper's Use Is Purely Commercial.

Commercial use—that is, use for profit as compared to use for altruistic means—cuts

against the fair use defense.  The crux of the inquiry is "whether the user stands to profit from the

exploitation of the copyrighted material without paying the customary price."  *Harper & Row*

*Pub., Inc. v. Nation Enters.*, 471 U.S. 539, 562 (1985).  These "profits" may come in the form of

direct profits, avoiding costs associated with the creation and provision of the copyrighted work,

avoiding licensing fees, and even *future* profits that may come by using the work to increase

viewership or traffic in the present.  *See Associated Press*, 931 F. Supp. 2d at 552*; Antioch Co. v.*

*Scrapbook Borders, Inc.*, 291 F. Supp. 2d 980, 993 (D. Minn. 2003); *Fitzgerald v. CBS Broad.,*

*Inc.*, 491 F. Supp. 2d 177, 187 (D. Mass. 2007) (use that intended to drive up future revenues by

increasing current viewership was sufficient as a commercial use); *Basic Books, Inc. v. Kinko's*

*Graphics Corp*., 758 F. Supp. 1522, 1531-32 (S.D.N.Y. 1991).

Here, PadMapper does not dispute that it is a for profit company.  It just downplays[6] that

by pointing out that it does not currently charge apartment hunters to access the site and does not

run display ads.  Left unspoken is PadMapper's actual business model, which boils down  to

using craigslist postings to draw enough apartment seekers to its site that property owners will

pay to list rental ads directly on PadMapper.  Indeed, when craigslist forced PadMapper to stop

scraping directly, PadMapper's viewership dropped dramatically, which in turn dropped its

profitability.  Henn´y Dec. at ¶8, Ex. 7.  It then resorted to using 3Taps to supply craigslist

content.  Henn´y Dec. at ¶9, Ex. 8.  PadMapper's "business" is exactly the sort of commercial

purpose that eviscerates a fair use defense.  *Fitzgerald*, 491 F. Supp. 2d at 187 (finding

---

[6] PadMapper attempts to mischaracterize itself as a not-for-profit service.  It says that it "does not charge users for access to its website or the search engine functionality."  Mot. at 16.  This makes it seem like PadMapper does not ultimately seek to turn a profit.  The truth, however, is that PadMapper employs several revenue generating schemes.  The success of its schemes in one way or another relate directly to its ability to use craigslist postings.  For example, PadMapper charges a fee for applications a potential renter files.  Henn´y Dec. at ¶10, Ex. 9.  Without the substantial user-base that PadMapper attempts to achieve by having craigslist postings, this scheme would not be profitable.

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1    defendant's use to be commercial because "the website's purpose was to attract viewers to the

2    station and raise the station's profile, ratings, and commercial revenues").

3        That leaves PadMapper trying to convince the Court that its use is *so transformative* and

4    helpful to the public that it overcomes its commercial nature.  *See* Mot. at 16.  This fails, as well.

5    Its use is not transformative at all (*see* Part I(B)(2)(a), *supra*), and there is nothing altruistic about

6    using craigslist postings to compete with craigslist.  That is the very definition of commercial use.

7    *See Oasis Pub. Co., Inc. v. West Pub. Co.*, 924 F. Supp. 918, 927 (D. Minn. 1996) (fact that

8    defendant's use had a "direct[] competitive commercial purpose" against original supported

9    finding a commercial nature).

10                              **c.    PadMapper's Bad Faith Use Also Cuts Against Its Fair
                                        Use Defense.**

11

12       Fair use requires actual fair dealing with others:  "[f]air use presupposes 'good faith' and

13   'fair dealing.'" *Harper & Row,* 471 U.S. at 562.  It is not meant for knowingly bad actors.

14   According to the Supreme Court, for example, "[f]air use distinguishes between a true scholar

15   and a chiseler who infringes a work for personal profit." *Id.*

16       Here, PadMapper knew from the very beginning that its use of the craigslist content was

17   wrong.  This is evident in Mr. DeMenthon's own email to Paul Graham, a key advisor to

18   PadMapper, stating that "I got an email from [c]raigslist legal counsel with a cease and desist

19   letter demanding that PadMapper take down its listings.  This has been something I've worried

20   about ***ever since I started the site***, so I've been trying to prepare for this."  Henn´y Dec. at ¶11,

21   Ex. 10. (emphasis added).  Even after receiving craigslist's cease and desist letter and being

22   offered a license to legally use the craigslist content for its mobile application, *Id.* at ¶24, Mr.

23   DeMenthon decided that PadMapper would continue to infringe on craigslist's work for personal

24   profit, even if his action was, as Mr. DeMenthon admitted in his blog, "somewhat dickish."  *Id.*

25   ¶9.  PadMapper has been acting in bad faith from the beginning, and therefore is not entitled to a

26   fair use defense.  *Harper & Row*, 471 U.S. at 562.

27

28

Perkins Coie LLP
Attorneys At Law
Palo Alto

-13-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

3.      **There Are Disputed Issues Of Fact As To Whether The Nature Of craigslist's Copyrighted Postings Support The Fair Use Defense.**

This element looks at how creative or expressive the subject works are.  The more creative and expressive, the more likely it is that fair use will be a defense, and vice versa.  *See Monge*, 688 F.3d at 1174, 1177.  The nature of a work that combines factual and expressive elements depends upon which aspect predominates.  *See Lish v. Harper's Magazine Found.*, 807 F. Supp. 1090, 1101 (S.D.N.Y. 1992) (teacher's creativity predominated over facts in class syllabus, weighing against fair use); *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 72-73 (2nd Cir. 1999) (copying of predominantly factual news articles was "at most neutral on the question of fair use").  And where it is difficult to determine which aspect predominates, this factor is neutral.  *See Nunez v. Caribbean Intern. News Corp.*, 235 F.3d 18, 23 (1st Cir. 2000) (photograph's nature that was difficult to categorize did not weigh for or against finding fair use).

Here, PadMapper blithely declares that craigslist's copyrighted postings are "predominantly factual."  Mot. at 16.  Yet it does not put in evidence or otherwise direct the Court's attention to so much as a single craigslist posting to support its conclusion.

The truth, of course, is that craigslist postings are highly expressive and creative, and the sheer variety and originality displayed across millions of relevant examples is immense.  Here are a few examples that belie the "predominantly factual" characterization that PadMapper would have the Court believe: (Henn´y Dec. Exs. 11-12.) (*See* Figures 5 and 6, below.)

[Remainder of page left intentionally blank]

Perkins Coie LLP
Attorneys At Law
Palo Alto

-14-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1

2

3

4

5

6

7

8

9

10

11

12



13

Figure 5
(craigslist.com, July 16, 2012)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Figure 6
(craigslist.com, July 16, 2012)

28

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO

-15-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

These are not atypical postings.  Any facts that are included are commonly couched within alluring and persuasive expression.  Indeed, it is often the creativity in postings (not any generic facts) that convinces a casual browser to become an actual renter.  *See Montgomery Cnty. Ass'n Of Realtors, Inc. v. Realty Photo Master Corp.*, 878 F. Supp. 804, 810 (D. Md. 1995) (listings containing puffery, "e.g., 'elegant updated home, close to DC line, gorgeous private back yard, lovely sunroom off LR'" evidenced creativity.)

At any rate, this all shows that *at a minimum* disputed issues of fact prevail over the nature of the work analysis here.  PadMapper says that the works are "predominantly factual," but does not point to any evidence of the postings themselves to support its argument for summary judgment.  craigslist's evidence of the postings, on the other hand, demonstrates that craigslist postings are in fact expressive and creative.  *See* Henn´y Dec. at ¶12-13.  At a minimum this proves there are triable issues of fact that preclude summary judgment.  *See Byrne*, 132 F. Supp. 2d at 233-36.

### 4. There Are Disputed Issues Of Fact As To Whether PadMapper Copies More Than What Is Needed To Accomplish Its Supposed Transformative Use.

The amount of a work copied by an infringer also matters to the fair use analysis.  Specifically, even if we assume that the infringer's use is transformative—here it is not (*see* Part I(B)(2)(a), *supra*)—an infringer that copies more than necessary to accomplish that supposed transformative use is not likely to be engaged in fair use.  *See Campbell*, 510 U.S. at 586.  And copying an *entire* work "militates against a finding of fair use." *Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1118 (9th Cir. 2000) (internal citation omitted); *see Campbell*, 510 U.S. at 587-88 ("a work composed primarily of an original, particularly its heart, with little added or changed, is more likely to be a merely superseding use, fulfilling demand for the original").

Here, PadMapper admits that it *copies and stores every single part of the craigslist postings* except the images.  Mot. at 3.  Its first problem, here on summary judgment, is that we have no idea if what it is saying about not copying the images (now and formerly) is true.  The

Perkins Coie LLP
Attorneys At Law
Palo Alto

-16-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1   only evidence cited is a self-serving declaration from its founder, which is not enough to win

2   summary judgment. *See Manning*, No. CV204-186, 2005 WL 2886037, at *1.  Discovery is not

3   close to being over and more is needed to determine exactly what PadMapper has, and has not,

4   copied before this element can be adjudicated.

5          Second, even if PadMapper has refrained from copying images, it still has copied far more

6   than needed to accomplish its supposedly transformative purpose.  "The 'most relevant' question

7   for this factor is whether the infringer has taken 'no more' than is necessary." *Associated Press*,

8   931 F. Supp. 2d at 557.  Here, PadMapper's supposedly transformative use is (1) a mapping

9   feature that requires the longitude and latitude of each property, (2) a Summary Bubble that,

10  according to PadMapper, only displays price, number of bedrooms and bathrooms, and term, and

11  (3) a "search engine" that indexes the information contained in the various Summary Bubbles.[7]

12         But none of this requires all of the things that PadMapper copies, which is everything

13  contained in the postings—including all of the HTML code required to render a complete copy of

14  the postings—other than the images (according to PadMapper).  All that is needed to accomplish

15  PadMapper's stated purpose are the location, number of bedrooms, price, and term.  The creative

16  and expressive narrative descriptions are not needed, for example.  Yet PadMapper copies and

17  stores them anyway.  The same goes for all of the other additional elements that PadMapper

18  admits to copying. *See* Mot. at 3.  PadMapper thus copies far too much of the craigslist postings

19  to be able to take advantage of the fair use defense. *See Kelly*, 336 F.3d at 820–21.

20         *Perfect 10*, *Kelly*, *Authors Guild* are clearly distinguishable.  "The works at issue in

21  [*Perfect 10* and *Kelly*] were photographs, which by their nature are indivisible." *Associated*

22  *Press*, 931 F. Supp. 2d at 556; *see Perfect 10*, 508 F.3d at 1154; *Kelly*, 336 F.3d at 815.  It was

23  not possible to copy anything less than the entire image to accomplish the limited purpose of

24  improving users' ability to find the images on the plaintiff's website.  Similarly, in both *Authors*

25  *Guild* and *West Publishing*, the original works were not text searchable and the defendants had to

26

27         [7] We actually do not know what this "search engine" supposedly indexes because PadMapper does
28  not say and discovery has not been completed yet.  But indexing the criteria contained in the Summary
    Bubbles is the only answer that would seem to fit with PadMapper's cobbled together arguments.

Perkins Coie LLP
Attorneys At Law
Palo Alto

-17-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1  copy the entire works to make them fully text searchable. *Authors Guild*, 954 F. Supp. 2d at 286;

2  *West Publ'g*, No. 12 CIV. 1340 JSR, 2014 WL 3057885, at *2.  None of the cases support

3  PadMapper's claim.

4  **II.   PADMAPPER'S INFRINGEMENT OF CRAIGSLIST'S COMPILATION.**

5       PadMapper doesn't just infringe craigslist's individual copyrighted real estate postings.  It

6  also infringes craigslist's entire copyrighted database—its compilation—of real estate postings.

7       PadMapper does not dispute that it copies craigslist's compilation of postings.  Instead it

8  contends that craigslist's compilation is not copyright protected.  Its argument is essentially that

9  the compilation is too simple.  But the opposite is true.  Multiple layers of selection, arrangement,

10  and coordination all with inherent expressive discretion, go into what is ultimately included in the

11  compilation that PadMapper copies.  PadMapper's self-serving declaration and blithe assertions

12  notwithstanding, the record shows that if anyone is entitled to summary judgment on this point, it

13  is craigslist.

14       A compilation is copyrightable if its selection, arrangement, or coordination is sufficiently

15  original.  *See L.A. Printex Indus. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012)

16  (selection, arrangement, coordination copyrightable as compilation).  Here PadMapper does not

17  dispute that craigslist's coordination of its postings is copyrightable.  *See* Mot. at 22-34.  Its

18  Motion as to craigslist's compilation fails for that reason, alone.  And its arguments as to

19  selection and arrangement fail, in any event.

20            **A.     craigslist's Compilation Is An Original, Carefully Curated**
                **Compilation Of Postings, Not The Rote Bulletin Board That**
21            **PadMapper Tries To Pass It Off As.**

22       The Supreme Court emphasized that a compilation only needs to possess a "minimal

23  degree of creativity" in order to be subject to copyright protection.  *Fiest Publ'ns, Inc. v. Rural*

24  *Tel. Servs. Co., Inc.*, 499 U.S. 340, 346 (1991).  The Court stressed that "the requisite level of

25  creativity is extremely low; even a slight amount will suffice." *Id.*

26       As explained in detail below, craigslist's compilation easily meets this originality

27  standard.  The craigslist website is a compilation of classified ads selected, arranged, and

28

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO

-18-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

coordinated according to craigslist's unique vision, creative expressive, and artistic judgment. Powell Dec. at ¶5-28.  It is far more creative and expressive than the rote website that accepts every single user's posting that PadMapper is trying to pass it off as.

### 1. craigslist Easily Exercises Sufficient Originality And Creativity In Its Selection Of Listings.

"Selection implies the exercise of judgment in choosing which facts from a given body of data to include in a compilation."  *Key Publ'ns, Inc. v. Chinatown Today Pub. Enters., Inc.*, 945 F.2d 509, 513 (2nd Cir. 1991).  craigslist could accept and post every single posting that a potential user submits.  It doesn't.  Powell Dec. at ¶5-28.  In fact, it excludes postings that do not meet its expressive and artistic curation criteria.  *Id.* at ¶6.  In other words, ads that do not meet these artistic and expressive curation criteria are not accepted and placed onto its website.  *Id.* The artistic and expressive curation criteria that craigslist uses to compile its website of classified postings are vast, numerous, and unique.  *Id.* at ¶5-28.  For instance, they control the frequency of postings being included, the subject matters of the postings, the content of the postings, and format of the postings, among other things.  *Id.*

For example, craigslist does not allow the following types of postings to be included in its compilation: Postings for any good, service, or content that violates the law or legal rights of others; Postings containing false, misleading, deceptive, or fraudulent content; Postings for "bait and switch" schemes; Spam postings; Postings that contain offensive, obscene, defamatory, threatening, or malicious content; Postings that contain anyone's personal, identifying, confidential or proprietary information; Miscategorized postings; Cross-posted postings (which are postings posted to more than one category); Postings that contain "nonlocal" content; Postings the primary purpose of which is to drive traffic to a website; Postings related to weapons; firearms/guns and components; BB/pellet, stun, and spear guns; etc.; Postings related to ammunition, clips, cartridges, reloading materials, gunpowder, fireworks, explosives; Postings related to US military items not demilitarized in accord with Defense Department policy; Postings that contain child pornography; bestiality; offers or solicitation of illegal prostitution; Postings for pet sales (although animal adoptions even for a small fee are allowed), animal parts, stud service;

Perkins Coie LLP
Attorneys At Law
Palo Alto

-19-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

Postings for food stamps, WIC vouchers, SNAP or WIC goods, governmental assistance; Postings for alcohol or tobacco; unpackaged or adulterated food or cosmetics; Postings for prescription drugs, medical devices; controlled substances and related items; Postings for recalled items; Postings for hazardous materials; Postings relating to body parts or fluids; Postings for unsanitized bedding or clothing; Postings relating to stolen property, property with serial number removed or altered; Postings for burglary tools and similar items; Postings for ID cards, licenses, police insignia, birth certificates, or government documents; Postings relating to counterfeit, replica, or pirated items; Postings for tickets or gift cards that restrict transfer; Postings for lottery or raffle tickets, sweepstakes entries, slot machines, and other gambling items; Postings offering, promoting, or linking to unsolicited products or services; Postings that contain affiliate marketing, network, or multi-level marketing, or pyramid schemes; Duplicative postings; Postings that contain offensive or pornographic content; or Postings for illegal services.  Powell Dec. at ¶8.

Further, the decision as to what postings violate these expressive and artistic curation criteria are solely within the discretion of craigslist. *Id.* at ¶9.  There is no simple "yes" or "no" formula for what violates these curation criteria. *Id.*  For instance, what is "offensive" is often a judgment call that craigslist has to make. *Id.*  The same is true for postings that contain "fraudulent" or "pornographic" material. *Id.*  The same is true for "miscategorized" postings and postings containing "false, misleading, deceptive, or fraudulent content." *Id.*  Most, if not all of the curation criteria require craigslist to apply its unique expressive and artistic judgment as to what it wants its compilation to look like.[8] *Id.*

In addition to craigslist's expressive and artistic curation criteria as to what may be posted to its compilation and where, craigslist has decided to impose other curation criteria to ensure that its compilation stays consistent with craigslist's unique, expressive, and artistic vision. *Id.* at ¶10-28.  These other unique expressive and artistic curation criteria include craigslist's prohibition on posting to multiple locations. *Id.* at ¶19-21.  Posting the same ad to multiple locations is

---

[8] *Want Ad Digest , Inc. v. Display Adver., Inc.*, 653 F. Supp. 2d 171, 179 (N.D.N.Y. 2009) is distinguishable since, unlike craigslist, the plaintiff there published *all* the classified ads its clients submitted to it.

Perkins Coie LLP
Attorneys At Law
Palo Alto

-20-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1    prohibited.  *Id.*  craigslist does not want postings that violate this curation criteria in its

2    compilation.  *Id.* at ¶5-28.  craigslist could change this prohibition if it wanted.  But it helps keep

3    the compilation within craigslist's unique expressive and artistic vision.

4          As another example, craigslist also prohibits the same posting from being included in its

5    compilation more than once every 48 hours.  *Id.* at ¶19.  The time period to renew could be any

6    time craigslist selects.  craigslist has carefully chosen the time period it wants to ensure its

7    compilation stays within its unique expressive and artistic vision.  craigslist's curation criteria on

8    renewing free postings provides yet another example.  Users can renew a free posting 48 hours

9    after initial posting or a prior renewal.  *Id.* at ¶18.  Otherwise, the user cannot renew.  *Id.*  This is

10   solely based on craigslist's subjective and unique expressive and artistic judgment.  *Id.*

11         craigslist's complex posting expiration policy, which is set forth more fully in the Powell

12   Declaration, provides yet another example.  Postings expire after a certain amount of time has

13   passed.  *Id.* at ¶12-17.  The expiration times differ markedly, however, depending on the category

14   and location of the post.  *Id.*  For instance, a free posting on either of the "For Sale," "Housing,"

15   "Personals," "Services," or "Community" categories will expire in seven days if it is posted in a

16   "List A" location.[9]  *Id.*  If the same post in any of these categories is posted in any other location

17   (including "List B" locations[10]), however, then it will expire after 45 days.  *Id.*  For postings in

18   the "Housing" category for which craigslist charges a fee ("paid postings"), postings expire after

19   30 days.  *Id.*  This is in contrast to the free "Housing" category where posts expire after seven

20   days.  *Id.*  For free postings in the "Gigs" or "Resume" categories in List A locations, postings

21   expire after 30 days.  *Id.* at ¶14.  However, for free postings in the "Gigs" or "Resume" categories

22   in all other locations, postings expire after 45 days.  *Id.*  And all job postings expire after 30 days.

23   *Id.* at ¶13.  For paid postings in the "Therapeutic" category, postings expire after seven days no

24   matter which location.  *Id.* at ¶16.  This curation criteria is based on craigslist's expressive and

25   _____

26        [9] List A cities include Atlanta, Austin, Boston, Chicago, Dallas, Denver, Houston, Los Angeles,
     New York City, Orange County, Philadelphia, Phoenix, Portland, Sacramento, San Diego, Seattle, San
27   Francisco Bay, South Florida, and Washington DC.  Powell Dec. at ¶12.
        [10] List B locations include Baltimore, Central New Jersey, Charlotte, Cincinnati, Cleveland,
28   Columbus, Detroit, Inland Empire, Jacksonville, Kansas City, Las Vegas, Long Island, Minneapolis,
     Nashville, North Jersey, Orlando, Pittsburgh, Raleigh, San Antonio, St. Louis, and Tampa Bay.  *Id.*

Perkins Coie LLP
Attorneys At Law
Palo Alto

-21-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

artistic judgment as to how old or new craigslist feels the postings in various segments of its compilation should be.  *Id.* at ¶5-28.  And craigslist has decided, using its expressive and artistic judgment, that expiration times should be different for different categories and locations.  *Id.*

None of these curation criteria are required or obvious.  *Id.* at ¶21.  In fact, most of them are highly unique.  *Id.*  craigslist has decided to impose these curation criteria so that the ultimate compilation stays within craigslist's unique, expressive, and artistic vision.  *Id.*

Ads that don't meet craigslist's curation criteria are either prevented from being placed on its website in the first place, or removed once craigslist realizes they are there.  *Id.* at ¶22. craigslist has a variety of different ways in which this is accomplished.  *Id.*  These include specialized and proprietary software systems designed and constantly updated by craigslist and manual curatorial efforts by craigslist employees.  *Id.*  All of these curation methods require craigslist to apply its unique, expressive, and artistic vision and judgment.  *Id.*  In total, a large number of ads are either blocked or removed from craigslist's website every day as a result of these curation methods.  *Id.*  These ads don't make the cut so to speak and are, therefore, not selected to be part of craigslist's original and creative compilation.  craigslist's selection easily meets the low legal threshold.[11]

### a.    PadMapper's Arguments Fail.

Citing to inapposite cases, PadMapper argues that craigslist has no involvement in the selection of postings to include on its website.  Mot. at 25-26.  This is factually incorrect. craigslist restricts content using specialized and proprietary software and through its manual curation efforts.  Powell Dec. at ¶22.  The manual efforts alone require each individual to make a determination regarding whether the ad violates craigslist's unique, expressive, and artistic curation criteria.  The software is constantly updated by craigslist staff to carry out the curation criteria.  *Id.* at ¶22.  The only evidence in the record shows that craigslist plays a huge role in selecting postings to include on its website, and excludes those postings it does not want.

---

[11] *See GI Corp. v. U.S. Elect. Components Corp.*, 1994 WL 494698, *6 (N.D. Ill. Sept. 6, 1994) (denying defendant's motion for summary judgment because plaintiff's decision to exclude two codes out of the eighty-eight possible candidates could be sufficiently creative for copyright protection).

Perkins Coie LLP
Attorneys At Law
Palo Alto

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1      PadMapper's *Key Publications* and *Eckes* cases support craigslist, not PadMapper.  In

2    both cases, the courts held the selections to be sufficiently creative for copyright protection

3    because the plaintiffs made subjective judgments about which content they wanted included and

4    excluded in their respective compilations.  The *Key Publications* plaintiff selected the businesses

5    to include or exclude in a Chinese-American telephone directory based on its subjective judgment

6    as to whether the business would remain open for a long time.  *Key Publ'ns, Inc.*, 945 F.2d at

7    513.  The *Eckes* plaintiff used its subjective judgment in choosing among 18,000 or so different

8    baseball cards to determine which were the 5,000 premium cards.  *Eckes v. Card Prices Update*,

9    736 F.2d 859, 863 (2nd Cir. 1984).  Like the plaintiffs in both cases, craigslist uses its subjective

10   judgment in determining which user ads should be included or excluded from its compilation

11   based on its uniquely expressive and artistic vision, and curation criteria.

12     PadMapper's *Want Ad Digest* and *Warren Publishing* cases are easily distinguishable.  In

13   these cases, the plaintiffs included *all* content known or submitted to them into their respective

14   compilations.  *Want Ad Digest*, 653 F. Supp. 2d at 179 (Plaintiff included *all* the classified ads its

15   clients submitted in the digest); *Warren Publ'g, Inc. v. Microdos Data Corp.*, 115 F.3d 1509,

16   1518 (11th Cir. 1997) (The directory "included the entire relevant universe known to it.").  By

17   contrast, the undisputed evidence shows that craigslist goes to great efforts to exclude ads from its

18   original compilation that don't meet its uniquely expressive and artistic curation criteria.

19     PadMapper also cites *Warren Publishing* for the proposition that "system-based"

20   "filtering" is not copyrightable.  Mot. at 27.  However, unlike in *Warren Publishing*, craigslist is

21   not seeking copyright protection for a "system."  Rather, craigslist seeks to copyright its selection

22   of listings that go into its compilation, which requires that craigslist exercise huge amounts of

23   curational and subjective judgment on the ads it wants included or excluded from its compilation.

24     PadMapper argues that craigslist's efforts in restricting content is distinguishable from the

25   selection efforts in *Metropolitan Regional Information Systems, Inc. v. American Realty Network*

26   *Inc.*, 888 F. Supp. 2d 691, 710 (D. Md. 2012), because craigslist's curatorial efforts are not

27   related to the quality or accuracy of the listings. Mot. at 26-27.  However, the only evidence in the

28

Perkins Coie LLP
Attorneys At Law
Palo Alto

-23-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1   record shows that craigslist's curation efforts aim to exclude spam, scams, and offensive postings

2   (among many others) for the exact purpose of providing its community with accurate and quality

3   listings.  Powell Dec. at ¶8-9.  This is exactly the kind of selection that was held to be sufficient

4   for copyright protection in *Metro*.  *Metro*, 888 F. Supp. 2d at 710 (concluding that "[plaintiff's]

5   control over the quality and content of the MRIS Database contradicts Defendants' suggestion

6   that the Database is on 'automatic pilot,'" and suffices for copyright protection).

7        Citing *Bellsouth*, PadMapper accuses craigslist's selection of being a "collection effort"

8   that is not copyrightable.  But *BellSouth*, a case involving the Yellow Pages, is very different than

9   this case.  The *BellSouth* court concluded that the "selection" at issue was really just "techniques

10  for the discovery of facts."  *BellSouth Adver. & Pub. Corp. v. Donnelley Info. Pub., Inc.*, 999 F.2d

11  1436, 1441 (11th Cir. 1993).  Those techniques were (1) a closing date after which listings could

12  not be modified, (2) requiring businesses to purchase a business telephone service, (3) setting a

13  geographic boundary for the listings, and (4) certain marketing techniques aimed at incentivizing

14  businesses to submit listings to the Yellow Pages.  *See id.* at 1472-73.  In other words, BellSouth

15  used these techniques to go out and collect facts about businesses, every single one of which it

16  included in its Yellow Pages.  *See id.*  The court held that this was not an "act[] of authorship,"

17  but rather the implementation of techniques to gather facts.  *Id.* at 1441.

18       Here, on the other hand, craigslist's efforts are *all about* the creative and expressive

19  creation of its original compilation of postings.  craigslist is not out there using "techniques" to

20  gather facts, all of which are then included on its site.  Quite the opposite.  Many, many postings

21  are submitted by users on a daily basis.  Only a select few, however, are *selected* by craigslist

22  according to its expressive and artistic curation criteria to be included in its compilation.  *See* Part

23  II(A)(1), *supra*.  That is vastly different than going out and gathering facts about a business, all of

24  which will be included in the Yellow Pages.  *Cf. BellSouth*, 999 F.2d at 1441.

25       What's more, the postings that craigslist selects for its original and creative compilation

26  are not the mere "facts" that the copyright holder in *BellSouth* was gathering.  Indeed, PadMapper

27

28

Perkins Coie LLP
Attorneys At Law
Palo Alto

-24-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1    does not even dispute that the postings are themselves copyrightable (*see* Part II, *supra*), which

2    necessarily means it concedes that craigslist's selection is *not* of uncopyrightable facts.

3            PadMapper also relies on *BellSouth* for its argument that craigslist's expiration dates are

4    not curatorial because having "an expiration date is a commonplace and inherent part of any

5    classified listing." Mot. at 28.  However, in *BellSouth*, the plaintiff published hard copy

6    directories, such as the yellow and white pages, that need to be physically printed. *BellSouth*, 999

7    F.2d at 1438.  The plaintiff imposed a closing date after which no changes to listings would be

8    included in the final published hard copy directory. *Id.* at 1441.  The closing date was a necessity

9    because plaintiff needed to take its directory to the printer and physically print it.

10           This is completely different than craigslist's expiration dates.  craigslist isn't publishing a

11   hard copy book.  There is no deadline by which users must submit their listings when dealing

12   with a website.  There is no printer.  craigslist's expiration dates are not necessary.  The postings

13   could stay live for a single day or for many years if craigslist wanted that to happen.  Instead, in

14   an exercise of its uniquely expressive and artistic judgment, craigslist has chosen to create a

15   complex expiration policy to determine how old or new it wants the postings in its compilation to

16   be.  Also, even assuming *BellSouth* involved a website and not hardcopy directories, unlike in

17   *BellSouth*, craigslist doesn't just have one expiration date for all posts.  Instead, craigslist has

18   decided to create a complex expiration policy with varied expiration times depending on the

19   category and location of the post.  Powell Dec. at ¶12-17.  This is based on its expressive and

20   artistic judgment, not the result of a necessity-based deadline as in *BellSouth*.[12]

21

22

23           [12] PadMapper also relies on *Warren Publishing* to argue that craigslist's expiration dates are
     merely "commercially useful."  Mot. at 28.  First, there is no evidence in the record that craigslist employs
24   expiration dates because it's "commercially useful."  To the contrary, the only evidence in the record is
     that craigslist employs a variety of different expiration dates that vary significantly among different
25   categories as a way to curate its original compilation according to its expressive and artistic judgment.
     Powell Dec. at ¶12-17.  Second, as discussed in length above, craigslist does a vast amount more curation
26   than the one rudimentary decision in *Warren Publishing*.  Third, the *Warren Publishing* court found no
     creativity or judgment, since the plaintiff included the "entire relevant universe known to it."  *Warren
27   Publ'g*, 115 F.3d at 1518.  By stark contrast, the undisputed evidence shows that craigslist goes to great
     lengths to exclude ads according to its expressive and artistic curation criteria.  Its differing expiration
28   dates are just one of many ways it does this.

Perkins Coie LLP
Attorneys At Law
Palo Alto

-25-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

2.      **craigslist Exhibits Sufficient Originality And Creativity In Its Arrangement Of Listings.**

In addition to its selection of which ads to include and exclude from its compilation, craigslist exercises its uniquely expressive and artistic judgment in deciding how it arranges the content in its compilation.  craigslist has chosen to arrange the ads that pass its curation criteria into unique categories and subcategories.  These categories and subcategories include titles that have been chosen by craigslist and represent craigslist's unique, expressive, and artistic judgment. *Id.* at ¶23-28.  For instance, housing is divided up into the following: "apts/housing," "housing swap," "housing wanted," "office/commercial," "parking/storage," "real estate for sale," "rooms/shared," "rooms wanted," "sublets/temporary," and "vacation rentals." *Id.*  As another example, the "gigs" category is divided up into the following: "computer," "creative," "crew," "domestic," "event," "labor," "talent," and "writing." *Id.*  Further, the following is a non-exhaustive selection of other categories and subcategories that represent craigslist's unique, expressive, and artistic judgment: "strictly platonic," "rants and raves," "skill'd trade," "sm bz ads," "write/ed/tr8," and "ETC." *Id.*  craigslist's unique, expressive, and artistic judgment determines the categories it wants to include and what to name them.  *Id.*

In addition to its categories and subcategories, craigslist further divides its website into hundreds of geographic locations.  *Id.* at ¶25-28.  craigslist also exercises its unique, expressive, and artistic judgment in deciding what geographic locations to include and what to name them. *Id.*  That is why the geographic locations are not always based on city boundary, county boundary, or even the population of the region.  And in some instances (but not all), depending on craigslist's unique, expressive, and artistic judgment, some geographic locations are divided up into sub-geographic locations.  *Id.* at ¶26-27.  For example, the "SF Bay Area" category in California is further divided up into "San Francisco," "South Bay," "East Bay," "Peninsula," "North Bay," and "Santa Cruz." *Id.* at ¶26.  For geographic locations that are divided further into sub-geographic locations, craigslist exercises its unique, expressive, and artistic judgment in determining how many sub-geographic locations to create.  *Id.* at ¶27.  The categories and subcategories are constantly evolving according to craigslist's expressive and artistic vision. *Id.*

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

-26-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

craigslist does not have to include one or any of these categories.  But craigslist has

exercised its uniquely expressive and artistic judgment in deciding how it arranges its

compilation.  This arrangement easily meets and exceeds the legal standard.  *See CCC Info.*

*Servs., Inc. v. Maclean Hunter Market Reports, Inc.*, 44 F.3d 61, 67 (2nd Cir. 1994) (finding that

"[plaintiff's] division of the national used car market into several regions, with independent

predicted valuations for each region depending on conditions there found" to be sufficiently

original for copyright protection); *BUC Intern. Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129,

1144 (11th Cir. 2011) (holding the compilation to be copyrightable because "there [was] no

uniformity in the way information about yachts was presented").

### a.    PadMapper's Arguments Fail.

PadMapper relies on *Warren Publishing* to argue that craigslist's arrangement is not

original enough.  *Warren Publishing* is easily distinguishable.  The plaintiff there did not create

its categories on its own.  Instead, the plaintiff figured out what categories to list by asking the

businesses that it listed in its directory.[13]  In contrast, craigslist does not ask anybody else what it

should name its categories.

*BellSouth* is distinguishable, too.  All the court said there as to arrangement was that there

is a "typical" way in which to arrange a telephone directory according to *Feist*.  Since BellSouth

arranged its telephone directory in that same "typical" way, its arrangement wasn't copyrightable.

*See BellSouth*, 999 F.2d at 1442.  Here craigslist's compilation is not anything like a telephone

directory.  It is an original, creative, and expressive compilation of postings, arranged by

craigslist according to its curation criteria.  To the extent PadMapper purports to argue that

craigslist's arrangement is "typical" of other real estate classified ad websites, it offers no

evidence whatsoever to support that fact.  Its attempt to obtain summary judgment on this point

therefore falls well short.  *See Open Source Yoga Unity v. Choudhury*, No. C 03-3182 PJH, 2005

---

[13] There, the categories at issue were different communities.  The plaintiff's director testified that "Warren determines the names of the communities served by a cable system by contacting the operators of the cable systems and asking them which communities they serve."  *Warren Publ'g, Inc.*, 115 F.3d at 1520.  The court understandably concluded that these "acts are nothing more than techniques for the discovery of facts."  *Id.*

Perkins Coie LLP
Attorneys At Law
Palo Alto

-27-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

WL 756558, at *4 (N.D. Cal. Apr. 1, 2005) (summary judgment "must be denied" where copyright owner's "aesthetically pleasing" arrangement of yoga "asanas" created a disputed issue of fact, and moving party provided no evidence to the contrary).

PadMapper's block quote from *BellSouth* noting that the telephone directory's customers selected the headings under which the listings would appear does not go anywhere, either.  Left out of the block quote by PadMapper is the key fact—specifically noted by the court—that BellSouth "claimed no copyright in the larger universe of headings that are offered to subscribers."  *See BellSouth*, 999 F.2d at 1444.  Here, of course, craigslist *does* claim copyrights in its creative and expressive selection and arrangement of categories and subcategories.  It follows that whether or not craigslist users select the categories and subcategories under which their postings will appear is of no moment to the copyrightability of craigslist's compilation.

PadMapper relies on *BellSouth* and *Want Ads* to argue that craigslist's category headings are not copyrightable because they are standard and obvious labels.  Mot. at 30.  Both cases, however, dealt with obvious one line headings, such as "Attorney," "Animals," "Cars," "Furniture," and "Bank."  craigslist's headings are much more creative and original.[14]

> **B.      There Are Disputed Issues Of Fact As To Whether PadMapper Infringes craigslist's Original And Creative Compilation.**

Genuine issues of material fact exist regarding whether PadMapper infringes craigslist's compilation.  If anything, the evidence in the record shows that PadMapper infringed both the selection and arrangement of craigslist's copyright.

> **1.      Infringement Of craigslist's Original And Creative Selection.**

As to the *selection*, PadMapper relies solely on a declaration from its CEO to argue there is no substantial similarity in selection because 40%-60% of listings taken from craigslist's website are ultimately copied and displayed by PadMapper.[15]  Mot. at 32.

---

[14] For instance, craigslist divides its "housing" category into "apts/housing," "housing swap," "housing wanted," "office/commercial," "parking/storage," "real estate for sale," "rooms/shared," "rooms wanted," "sublets/temporary," and "vacation rentals."  Powell Dec. at ¶23.

[15] Mr. DeMenthon's declaration says that 40%-60% "of the apartments for which PadMapper obtains information are not used to generate a pin on the apartment search map."  Conversely, 40%-60% are used to generate a pin and, therefore, display craigslist content.

Perkins Coie LLP
Attorneys At Law
Palo Alto

-28-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

*First*, genuine issues of material fact exist as to whether this is even true.  PadMapper could very well display a much higher percentage of craigslist listings than what its CEO admits. Mr. DeMenthon has admitted in the past that he wants PadMapper to consist of "a lot" of craigslist ads: "PadMapper's meant to be a search engine for apartment rentals, with craigslist apartment listings making up a lot of the results."  Henn´y Dec. at ¶14, Ex. 13.  More discovery is necessary to know the true number.  Mr. DeMenthon provided no explanation or any supporting evidence on how his numbers are calculated. [16]  Instead, he simply asserts them without proper foundation and, therefore, it is inadmissible.  PadMapper should not be allowed to rely on an uncorroborated and conclusory declaration from a self-interested individual that has already omitted critical information that was bad for his cause.  *See Manning*, No. CV204-186, 2005 WL 2886037, at *1 (motion for summary judgment denied because "[t]he sole evidence offered by plaintiff . . . is her own self-serving affidavit").

*Second*, if anything, assuming the 40%-60% figure is correct, PadMapper's Motion should be denied because this amount is not so insubstantial that "the only finding that could be reached by a fact finder … is that there is no substantial similarity between the two works."  *Skinder-Strauss Assocs. v. Mass. Continuing Legal Educ., Inc.*, 914 F. Supp. 665, 678 (D. Mass. 1995).  In fact, 40%-60% supports a finding of infringement in craigslist's favor.  *See Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987) (30% infringing on one set of letters and 10% of another set was sufficient to defeat fair use); *Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 535 (S.D.N.Y. 2008) (finding substantial similarity where the infringing work derived "450 manuscript pages worth of material primarily from the 4,100-page Harry Potter series.").

*Third*, PadMapper cannot rely on the fact that it also compiles information from nearly one hundred other sources besides craigslist to avoid copyright infringement.  It is well settled that "[t]he question in each case is whether the similarity relates to matter that constitutes a substantial portion of plaintiff's work−not whether such material constitutes a substantial portion

---

[16] In fact, there is evidence in the record that PadMapper could be ignoring duplicate postings in arriving at its 40-60% figure. Henn´y Dec. ¶16-18 .  If so, the percentage could actually be much higher.

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1    of defendant's work."  4 Nimmer on Copyright § 13.03[A][2][a]; *see also Pryor v.*

2    *Warner/Chappell Music, Inc.*, No. CV 13–04344 RSWL (AJWx), 2014 WL 2812309, at *7 (C.D.

3    Cal. June 20, 2014) ("Substantiality is measured by considering the qualitative and quantitative

4    significance of the copied portion in relation to the plaintiff's work as a whole.").  It is therefore

5    irrelevant that PadMapper also uses information from sources besides craigslist.

6        *Fourth*, expert discovery has not even begun.  And expert analysis is often presented to

7    the court as part of the infringement analysis.  *See Three Boys Music Corp. v. Bolton*, 212 F.3d

8    477, 485 (9th Cir. 2000) ("Proof of substantial similarity is satisfied by a two-part test of extrinsic

9    similarity and intrinsic similarity" and "the extrinsic test often requires analytical dissection of a

10   work and expert testimony."); *Brookhaven Typesetting Servs., Inc. v. Adobe Sys., Inc.*, No. C-01-

11   20813 RMW, 2007 WL 2429653 (N.D. Cal. Aug. 24, 2007) (court continued the defendant's

12   motion for summary judgment and ordered the defendant to produce additional source code and

13   to offer expert assistance in order for plaintiff's expert to determine whether there is evidence of

14   infringement).  The Court should not rule on this issue without expert analysis.

15       *Fifth*, PadMapper argues its display of craigslist content on a map is different than

16   craigslist's display of that same content and, therefore, it does not infringe.  Mot. at 32.  This

17   argument does not save PadMapper.  PadMapper copies and stores all of the craigslist content it

18   takes in an HTML table.  Copying alone is sufficient to establish copyright liability.[17]

19                  **2.    Infringement Of craigslist's Original And Creative**
                           **Arrangement.**
20

21       PadMapper infringes craigslist's arrangement by copying the geographic and sub-

22   geographic categories used by craigslist.  PadMapper concedes that it copies the "city"

23   information from craigslist's listings into a field in its summary table.  Mot. at 3.  Based on

24   discovery produced by PadMapper, the "city" field corresponds to craigslist's geographic

25   locations.  Henn´y Dec. at ¶15, Ex. 14.  PadMapper's listing database also reveals that

26   PadMapper copies the sub-geographic categories under its "borough" field.  *Id.*  More discovery

27   _____

28   [17] 17 U.S.C. § 501(a) ("Anyone who violates *any* of the exclusive rights of the copyright owner as provided by sections 106 . . . is an infringer[.]") (emphasis added).

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

-30-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1    is needed to know during what periods of time this copying occurred, whether any other copying

2    of craigslist's arrangement occurred, and whether PadMapper displayed the category information

3    on its website during any of the relevant points in time.[18]

4          PadMapper could very well have copied and/or displayed more than what its CEO's

5    declaration states.  So the complete factual record has not yet been confirmed.  Also, expert

6    discovery has not yet begun.  The Court should defer ruling until the factual record is more

7    developed and the experts have opined.

8                              **a.    PadMapper's Intermediate Copying Is Not Fair Use.**

9          PadMapper attempts to stretch case law to argue that its intermediate copying is fair use.

10   Its cases are clearly distinguishable, however.  *Ticketmaster* and *Nautical Solutions* involved

11   situations where the defendant temporarily downloaded both factual and non-factual content, kept

12   only the factual content, and discarded the non-factual content immediately after extracting it.

13   *Ticketmaster Corp. v. Tickets.com, Inc.*, No. CV997654HLHVBKX, 2003 WL 21406289, at *5

14   (C.D. Cal. March 7, 2003) ("In temporarily downloading [plaintiff's] event pages to its RAM

15   through the use of spiders, [defendant] was not exploiting [plaintiff's] creative labors in any way:

16   its spiders gathered copyrightable and non-copyrightable information alike but *then immediately*

17   *discarded the copyrighted material*.") (emphasis added); *Nautical Solutions Mktg. v. Boats.com*,

18   No. 8:02–CV–760–T–23TGW, 2004 WL 783121, at *2 (M.D. Fla. Apr. 1, 2004) ("[Defendant's]

19   momentary copying of [plaintiff's] public web pages *in order to extract from yacht listings facts*

20   *unprotected by copyright law* constitutes a fair use and thus is not an infringement of copyright.")

21   (emphasis added).  The difference here is that PadMapper *permanently* keeps and stores *all* of the

22   content it takes in an HTML table, both factual and non-factual.  Mot. at 3.  It admittedly doesn't

23   discard any information that makes it to the HTML table.  *Id.*  These cases do not help its

24   argument.

25

26          [18] PadMapper argues that it never displayed craigslist's geographic and sub-geographic categories.
     Mot. at 32.  This argument is irrelevant, since PadMapper's copying of the categories alone supports an
27   infringement claim.  17 U.S.C. § 501(a) ("Anyone who violates any of the exclusive rights of the
     copyright owner as provided by sections 106 . . . is an infringer[.]").  And, in any event, it raises an issue
28   of fact as to whether the statement made by PadMapper's CEO is true.

Perkins Coie LLP
Attorneys At Law
Palo Alto

-31-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

*Sega* is distinguishable for a similar reason.  In *Sega*, the defendant reverse engineered a video game system to obtain and use the non-copyrightable functional elements of the system. *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1514 (9th Cir. 1992).  This, by contrast, is not even a reverse engineering case.  But even if it was and even assuming some of the craigslist content is not copyrightable and some is, PadMapper copies and stores *all* of the craigslist content it takes in an HTML table, both copyrightable and non-copyrightable.  The *Sega* defendant only used the non-copyrightable functional elements.

WIREdata also does not help PadMapper.  There, the copying was held to be fair use because the only purpose of the copying was to extract non-copyrighted material and the defendant did not use the copied content in direct competition with the plaintiff.  *Assessment Techs. of Wi, LLC. v. WIREdata, Inc.*, 350 F.3d 640, 645 (7th Cir. 2003).  Here, by contrast, PadMapper permanently stores *all* of the craigslist postings it takes in an HTML table, both factual and non-factual, and uses the content to directly compete with craigslist.  Mot. at 3-4.

This case is more analogous to *DSMC* where the court rejected the fair use defense because defendant was "admittedly a direct competitor of [the plaintiff]." *DSMC Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 83 (D.D.C. 2007).

## III.   WHETHER CRAIGSLIST SUFFERED TRESPASS HARM FROM PADMAPPER'S SCRAPING IS A HOTLY CONTESTED ISSUE DEPENDENT ON EXPERT TESTIMONY AND ABOUT WHICH DISCOVERY IS ONGOING.

PadMapper argues that craigslist failed to produce evidence of significant impairment and, therefore, craigslist cannot meet the trespass harm element.  But there are a multitude of factual issues that need to be determined before this issue can be competently decided by this Court.

*First*, there are disputed issues of fact regarding the period(s) of time that PadMapper accessed craigslist's computers.  PadMapper claims that it accessed craigslist's computers to scrape prior to receiving craigslist's cease and desist letter, but not afterwards.  Mot. at 9. However, the only evidence to support this is the declaration of PadMapper's CEO, who, as explained above, has not been forthcoming with facts that are harmful to PadMapper's case.  If anything, the evidence produced so far tends to show that PadMapper did scrape after receiving

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO

-32-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

craigslist's cease and desist letter. For example, after 3Taps claimed that it could no longer obtain craigslist content from Google, 3Taps' CEO told PadMapper's CEO in an email dated August 5, 2012 that "I think in the short term we are blocked and that you may need to go back to your own scraping until we come up with a work around. I informed Blake of the same and they are back to their old plan for the time being." Henn´y Dec. at ¶19, Ex. 17. PadMapper may very well have taken 3Taps' CEO's advice and re-commenced scraping after receiving this email. At a minimum, more discovery is necessary, including depositions, to determine the truth regarding the time periods when PadMapper accessed craigslist's computers to scrape content.

*Second*, craigslist has submitted undisputed evidence that PadMapper's mass scraping did cause significant impairment to craigslist's computers, including compromising its system's bandwidth and slowing down the performance of the website. Powell Dec. at ¶34. The cases relied on by PadMapper are distinguishable since none involved this amount of harm. Mot. 33-36.

*Third*, more discovery is needed to ascertain the exact number of access requests to craigslist's servers over the period of time that PadMapper scraped. In *eBay*, this Court specifically analyzed the number of requests made per day in evaluating whether the trespass harm element had been met. *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1071-72 (N.D. Cal. 2000). craigslist still does not have a complete picture as to what this number is, and should be given the opportunity to confirm it through discovery. Although PadMapper has produced IP addresses from which it scraped, craigslist should be given the opportunity to confirm through discovery that these were the only IP addresses from which PadMapper scraped, whether PadMapper used proxy or rotating IP addresses, and whether it hired third parties to scrape for it (and if so, the IP addresses from which they scraped). It is critical that the full extent of PadMapper's scraping be known prior to the Court deciding this issue. This will require depositions of PadMapper's CEO and others knowledgeable about PadMapper's scraping.

*Fourth*, expert discovery has not even commenced. The Court should not decide this issue with an incomplete factual record and no expert analysis. This is particularly true where

Perkins Coie LLP
Attorneys At Law
Palo Alto

-33-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

PadMapper is making unsupported arguments about the effect of scraping on craigslist's computers. For instance, PadMapper argues that in terms of frequency and effect, its scraping is "similar to the type of use effected by any one of the sixty million end users who access the craigslist website on a monthly basis." Mot. at 36. Systematic scraping of all craigslist's real estate listings is clearly many orders of magnitude greater in its effect on craigslist's computers as compared to the usage of a typical individual craigslist user. Powell Dec. at ¶36. PadMapper's argument is facially incredible. But more to the point, expert analysis would help shed light on the validity (or lack thereof) of the argument. The same applies to PadMapper's comparison of its scraping to Google and Internet Archive. Mot. at 36. The foundation has not been properly laid to make such comparisons. No evidence in the record shows how Google's or Internet Archive's scrapers function nor whether PadMapper's CEO has any knowledge about these scrapers. His declaration is therefore inadmissible on this point. Even if the proper foundation were laid, PadMapper's CEO is not a credible witness in this regard. Completion of discovery, depositions, and expert testimony will aid the Court in evaluating these matters.

*Fifth*, craigslist has submitted evidence that if scraping were permitted to proliferate, then craigslist's servers would reach a point where they are so overburdened and slow as to be beyond the point of usefulness to support its website. Powell Dec. at ¶35. This was the exact argument that this Court found persuasive in *eBay* and the Second Circuit in *Register.com*. *eBay,* 100 F. Supp. 2d at 1071-72 ("[i]f the court were to hold otherwise, it would likely encourage other auction aggregators to crawl the eBay site, potentially to the point of denying effective access to eBay's customers. If preliminary injunctive relief were denied, and other aggregators began to crawl the eBay site, there appears to be little doubt that the load on eBay's computer system would qualify as a substantial impairment of condition or value"); *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2nd Cir. 2004) ("While [defendant's] robots alone would not incapacitate [plaintiff's] systems, the court found that if [defendant] were permitted to continue to access [plaintiff's] computers through such robots, it was 'highly probable' that other Internet service providers would devise similar programs to access [plaintiff's] data, and that the system would be

Perkins Coie LLP
Attorneys At Law
Palo Alto

-34-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1   overtaxed and would crash."). There is no doubt that if the Defendants in this case are allowed to

2   scrape, others would follow and render the craigslist website useless. *See* Powell Dec. at ¶35.

3   **IV.   SUMMARY JUDGMENT IS NOT WARRANTED ON MISAPPROPRIATION**
       **BECAUSE KEY FACTS ARE IN DISPUTE.**

4
5           craigslist's misappropriation claim based on PadMapper's wrongful use is not preempted

6   under *Stewart Title of California, Inc. v. Fidelity Nat'l Title Co.*, 279 Fed. Appx. 473, 475-76 (9th

7   Cir. 2008). Moreover, craigslist raises a valid misappropriation claim under the "hot news"

8   doctrine as the apartment listings are time-sensitive, PadMapper uses craigslist's content for a for-

9   profit website that directly competes with craigslist, and PadMapper's wholesale copying of the

10  craigslist content constitutes free-riding.

11          **A.    craigslist's Misappropriation Claim Based On PadMapper's Wrongful**
                **Use Is Not Preempted.**

12          PadMapper makes much of the so-called "hot news" exception to preemption, but since

13  California tort law controls here, the Court need not even get there. Misappropriation under

14  California law "includes an 'extra element' because it encompasses protection against improper

15  *use*, thereby making the rights protected qualitatively different from those afforded in the

16  Copyright Act." *Stewart Title of California*, 279 Fed. Appx. at 475-76 (emphasis original); *see*

17  *also G.S. Rasmussen & Assocs. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992).

18  The "use" and "appropriation" covered by California misappropriation law "are not among the

19  'exclusive rights' granted copyright owners under the [Copyright] Act." *U.S. Golf Assoc. v.*

20  *Arroyo Software Corp.*, 69 Cal. App. 4th 607, 623 (Cal. Ct. App. 1999). Therefore, craigslist's

21  California misappropriation claim based on PadMapper's wrongful use of its content is not

22  preempted by the Copyright Act.

23          **B.    craigslist Raises A Valid Misappropriation Claim Under The Hot**
                **News Doctrine.**

24
25          Even still, craigslist's misappropriation claim nevertheless qualifies under the federal "hot

26  news" exception to preemption. In arguing that it does not, PadMapper focuses on the "time

27  sensitive," "competition," and "free riding" elements. Its arguments all fail.

28

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO

-35-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1

### 1.    There Is No Dispute That PadMapper Competes With craigslist.

2

PadMapper contends in its Motion that it does not compete with, but rather compliments,

3

craigslist.  One problem:  ***PadMapper admitted in its answer that it directly competes with***

4

***craigslist***.  *See* FAC (Dkt. 35) at p.19 ¶99; PadMapper's Answer (Dkt. 45) at p.11 ¶99.[19]  It

5

cannot now be heard to dispute this.

6

Moreover, PadMapper's own documents reveal that it had no choice but to admit to

7

competition.  Its goal has always been to gain enough momentum and user traffic by including the

8

craigslist content in order to promote its own PadLister service to the landlords and brokers.  In

9

an email exchange regarding PadLister's business model, Mr. DeMenthon stated that "[he's]

10

leaning towards … trying to make it so much better for landlords that they're willing to pay for it

11

to not have to deal with how bad [c]raigslist is."  Henn´y Dec. at ¶20, Ex. 18.  Mr. DeMenthon

12

also admitted the failure to accomplish this ultimate goal of replacing craigslist in an email after

13

his receipt of craigslist's cease and desist letter.  *Id.* at ¶11, Ex. 10.

14

### 2.    craigslist Postings Are Highly Time-Sensitive.

15

Here again, PadMapper blithely declares (without citing to any evidence, at all) that

16

craigslist postings are not time sensitive, but it ignores its answer in which it ***admitted that they***

17

***are highly time-sensitive***.  *See* FAC (Dkt. 35) at p.6 ¶35; PadMapper's Answer (Dkt. 45) at p.5

18

¶35.[20]  PadMapper loses for this reason, alone.

19

Anyway, all PadMapper says in its Motion is that the postings are not time sensitive

20

because apartment listings are valuable so long as the apartment remains vacant.  Mot. at 38.  But

21

22

[19] FAC ¶99: "PadMapper is a direct competitor to craigslist's real estate listings services. It provides searchable real estate rental listings for cities all over the United States and in the United Kingdom. The vast majority of PadMapper's content, however, is real estate ads misappropriated from craigslist by 3Taps' unlawful scrapers and distributed via 3Taps' illegitimate 'craigslist API.'"  PadMapper's Answer ¶99: "PadMapper admits the allegations in the first two sentences of paragraph 99. PadMapper denies the remaining allegations of paragraph 99."

23

24

25

[20] FAC ¶35: "The classified ads on craigslist are highly time-sensitive. Individual ads are live on the site for periods ranging from minutes to weeks, often achieving their goal and becoming irrelevant within hours to days. Apartment rental listings, for example, become useless once the property is rented, which can happen within hours of being listed. Likewise, for sale listings are worthless once the item advertised has sold, which again often happens very quickly. Job listings are also of no use once the job has been filled. The most recent listings are therefore highly sought after by users, and this rule of thumb applies to a wide variety of craigslist's categories."  PadMapper's Answer ¶35: "PadMapper admits the allegations of paragraph 35."

26

27

28

Perkins Coie LLP
Attorneys At Law
Palo Alto

-36-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

that is exactly why they *are* so time-sensitive.  There is no value in postings for properties that are already rented, and much of the time properties rent very quickly.  *See* Powell Dec. at ¶38.  Many in fact rent in a matter of hours.  *See id.*  Lovely, a co-defendant engaged in essentially the same conduct as PadMapper, corroborated this: "[f]or our needs, a posting that is 3 days old is not worth much as the apartment is most likely already rented."  Henn´y Dec. at ¶21, Ex. 19.

### 3.  PadMapper Freerides In The Purest Sense Of The Word.

PadMapper argues that its use of the craigslist content does not constitutes "free-riding" under the hot news exception because (1) craigslist makes the postings freely available to end users, and (2) PadMapper supposedly attributes the postings to craigslist.  Both arguments fail.

First, it is true that craigslist postings are free to end users.  But that hardly makes the postings something other than "salable" under the hot news exception.  Indeed, PadMapper, itself, *pays 3Taps upwards of $10,000 per month for craigslist postings*.  Henn´y Dec. at Exs. 20-21.  If the postings aren't salable, then why is PadMapper paying for them?  It is also undisputed that craigslist licenses to certain developers access to the postings for a fee.  Powell Dec. at ¶40.  That is further evidence of salability of the postings.  The evidence in the record—none of which PadMapper submitted—therefore shows that this factor is in craigslist's favor or, at a minimum, is a disputed issue of fact that precludes summary judgment.

The same is true on the issue of "attribution."  It is true that the *Barclays* court notes in passing that the defendant there attributed to the plaintiff the content that it was accused of misappropriating.  *Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 902-03 (2nd Cir. 2011).  But calling attribution, or, more specifically, lack of attribution, an "element" of the hot news exception is a dramatic overreach.  *Barclays* involved a firm that gathered a bank's investment recommendations and disseminated them via newsletters.  *Id.* at 882-83.  Barclays (the bank) sued for misappropriation.  *Id.* at 885.  The court held that the claim did not qualify for the hot news exception.  *Id.* at 906.

But it was not simply because the material was attributed to Barclays.  Rather, the court ruled that there was no free riding because the defendant was simply reporting the "news" (the

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

investment recommendations) that Barclay's was making.  *Id.* at 902; *see also Int'l News Serv. v. Associated Press*, 248 U.S. 215, 242 (1918) (emphasis added) (noting that lack of attribution "accentuating the wrong, [*is*] *not the essence of it*.")  This conduct fell outside the exception, according to the court, because it differed from that in the *INS* case, which arguably set the standard for the hot news exception.  *Id.* at 903.  In *INS* the court was concerned with a party (the Associated Press) gathering and disseminating news, data, and the like at great expense, only for another party to take that information and publish it on its own.  *Int'l News Serv.*, 248 U.S. at 239-40.  That conduct should not be allowed, so the hot news exception was created to help stop it.  *Id.* at 240.  But in *Barclays* the defendant was not stealing the news, like in *INS*.  *Barclays*, 650 F.3d at 902.  Instead it was *breaking* that news.  *Id.*  The news, in other words, was the investment recommendations.  The *Barclays* defendant was simply reporting that news, so it was not "free riding."  *Id.*  That differed from the *INS* case, in which the Associated Press spent great expense gathering and reporting the news *itself*, only to have the defendant come along and take that news—that the Associated Press gathered—and report it on its own for a profit.  *Int'l News Serv.*, 248 U.S. at 239-40.

Here, the facts resemble those in *INS*.  craigslist postings can be conceptualized as the news reports.  At great expense, craigslist gathers all important, and even peripheral, information about the various listings.  This includes what PadMapper would refer to as the "facts," such as price, number of bedrooms and bathrooms.  It also includes all of the expressive and creative elements, such as the description, the photographs, and a unique set of location designations (among others).  craigslist then "reports" the news it gathers via its real estate listings site.  PadMapper then comes along and misappropriates the entire news reports—the postings.  That is very unlike the defendant in *Barclays* that gathered and reported news of its own.  *Barclays*, 650 F.3d at 902.  And it is precisely why craigslist's claim qualifies for the hot news exception, notwithstanding whether PadMapper "attributes" its ripped off content to craigslist.

What's more, even if lack of attribution were a core element, the existence of any attribution under the hot news exception is disputed here.  The only evidence submitted by

Perkins Coie LLP
Attorneys At Law
Palo Alto

-38-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

PadMapper in support of its argument that it attributes anything to craigslist is (1) a self-serving declaration that says "source: craigslist" is included on Summary Bubbles, and (2) the solicited emails from PadMapper's supporters. But the solicited emails do not establish anything other than that PadMapper asked its users to write emails to craigslist supporting PadMapper and some of them did.

And the self-serving declaration about what the Summary Bubbles are and what they include is entirely unreliable. Even assuming that "source: craigslist" properly attributed anything to craigslist, that is, we have no way of knowing whether the Summary Bubbles have always included that, or any other language based on this declaration. Indeed, there is already evidence in the record that PadMapper has displayed postings *without* including "source: craigslist": (Henn´y Dec. at ¶6, Exs. 4.) (*See* Figure 7, below.)



Figure 7
(PadMapper Mobile Application, November 2014)

Finally, even if the Summary Bubbles always included "source: craigslist," craigslist disputes that such language properly attributes anything. Even with that language, PadMapper is passing off craigslist postings as if they are part of its own product. It is passing them off as though it has permission or a license to use them, in other words. That is exactly the sort of conduct that the hot news exception was created to guard against. *See Int'l News Serv.*, 248 U.S. at 239-40. craigslist should have an opportunity to fully develop this record with fact and expert

Perkins Coie LLP
Attorneys At Law
Palo Alto

-39-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB

1    discovery before this issue is adjudicated.  For that, and all of the reasons stated above,

2    PadMapper's Motion for Summary Judgment should be denied on this claim, as well.

3                                    **CONCLUSION**

4         The Court should deny PadMapper's Motion in its entirety, because discovery is

5    incomplete, experts' opinions are not yet available, and each and every issue that PadMapper asks

6    the court to adjudicate here is replete with disputed issues of fact. Thus, PadMapper fails to meet

7    its burden.  In the alternative, craigslist respectfully requests that the Court deny or continue

8    PadMapper's Motion under FRCP 56(d) so that the parties can continue with discovery.

9

10   November 12, 2014                          **PERKINS COIE** LLP

11
                                                By: /s/ Bobbie Wilson
12                                                  Bobbie Wilson (SBN 148317)
                                                    BWilson@perkinscoie.com
13

14                                              Attorneys for Plaintiff
                                                craigslist, Inc.
15

16        I, Nancy Cheng, hereby attest, pursuant to Civil Local Rule 5-1(i)(3), that each signatory

17   hereto has concurred to the filing of this document.

18   November 12, 2014                          **PERKINS COIE** LLP

19
                                                By: /s/ Nancy Cheng
20                                                  Nancy Cheng

21                                              Attorneys for Plaintiff
                                                craigslist, Inc.
22

23

24

25

26

27

28

Perkins Coie LLP
Attorneys At Law
Palo Alto

-40-

OPPOSITION TO PADMAPPER'S MOTION
FOR SUMMARY JUDGMENT
Case No. CV 12-03816 CRB