UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIGSLIST, INC,<br><br>    Plaintiff,<br><br>    v.<br><br>3TAPS, INC, et al.,<br><br>    Defendants. | Case No. 12-cv-03816-CRB (JSC)<br><br>**ORDER FOLLOWING DISCOVERY HEARING**<br><br>Re: Dkt. Nos. 218, 219 |

This case has been referred to the undersigned magistrate judge for the purposes of discovery. (Dkt. No. 108.) Presently before the Court is a joint discovery letter regarding Defendants' request for documents pertaining to server harm. (Dkt. Nos. 218, 219.)[1] Specifically, Defendants request an order compelling Plaintiff craigslist to produce several categories of documents relevant to its allegations that Defendants' conduct impaired or harmed craigslist's website or servers. (*See* Dkt. No. 218 at 1-5.) At bottom, the dispute turns on craigslist's theory of harm to support its trespass claim.

At a discovery hearing on February 26, 2015, craigslist stipulated that there was no actual, physical harm to its servers or hardware as a result of Defendants' scraping. As a result, craigslist will not and may not argue that Defendants' conduct physically harmed its servers. Instead, at a hearing on this discovery dispute on April 2, 2015, craigslist represented that it seeks to establish harm in two other ways. First, craigslist plans to rely on the time spent and expenses incurred in purchasing, setting up, and maintaining a separate set of servers it obtained to monitor and block

---

[1] Defendants 3taps, Inc., Hard Yaka, Inc., Discover Home Network, Inc., and Robert G. Kidd made the initial request in the joint discovery letter. (Dkt. No. 218.) Defendant Padmapper filed a separate letter joining its co-defendants' letter brief. (Dkt. No. 219.)

United States District Court
Northern District of California

1  Defendants' scraping. Second, craigslist intends to prove that Defendants' conduct has a "pile-on
2  effect" —*i.e.*, the idea that Defendants' conduct encourages further scraping, which threatens to
3  interfere with the intended function of its computer system. In other words, even if, as conceded
4  at the April 2, 2015 hearing, Defendants' conduct has not thus far interfered with the efficient
5  functioning of craigslist's computer system, allowing the conduct to continue will encourage
6  others to engage in similar conduct which will eventually have a detrimental effect on the system.
7  *See Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1353-54 (2003). At the hearing the Court and the
8  parties discussed discovery relevant to these theories of harm, as well as a schedule for production
9  thereof. In addition, the parties raised another dispute regarding discovery of craigslist's financial
10  data.

11  In light of the parties' representations, and as stated on the record in open court, the Court
12  ORDERS as follows:

13  1. craigslist shall produce, by close of business on **Wednesday, April 8, 2015**, all
14  documents on which it may rely to support its theories of harm upon which its trespass claim is
15  based and shall identify any witness who might testify in support of these facts. On summary
16  judgment or at trial craigslist may not rely on any witness not identified in the April 8 disclosure
17  nor any document not produced.

18  2. craigslist shall produce, by close of business on **Wednesday, April 8, 2015**, server
19  logs for the 48-hour period that it analyzed; if it is unable to do so by that date, it must have a good
20  faith reason for not doing. In addition, Defendants shall identify by **Monday, April 6, 2015**, a
21  historical 48-hour time period for which it seeks server logs. craigslist shall produce server logs
22  for that time period **within one week** after Defendants communicate their selection to craigslist.

23  3. craiglist shall produce, by close of business on **Wednesday, April 8, 2015**, all site
24  metrics—including records of the total number of posts per day and total size of those posts, and
25  total available bandwidth—kept in the normal course of business for the same 48-hour time
26  periods identified in item 2, above.

27  4. craigslist shall produce, by close of business on **Monday, April 6, 2015**, a copy of
28  a complete profit and loss statement in its native format with numbers redacted. Upon request,

2

1  craigslist shall provide Defendants with more detail regarding categories reasonably requiring
2  more information than the statement itself provides.
3      5.   By noon on **Friday, April 3, 2015**, the parties shall submit a letter identifying the
4  magistrate judges (at least two) whom they are open to conducting a settlement conference.
5      This Order terminates Docket Nos. 218 and 219.
6      **IT IS SO ORDERED.**
7  Dated: April 2, 2015



JACQUELINE SCOTT CORLEY
United States Magistrate Judge