1   LATHAM & WATKINS LLP
2     Perry J. Viscounty (Bar No. 132143)
    *perry.viscounty@lw.com*
3   140 Scott Drive
    Menlo Park, CA 94025
4   (650) 328-4600 / (650) 463-2600 Fax

5   LATHAM & WATKINS LLP
6     Jennifer L. Barry (Bar No. 228066)
    *jennifer.barry@lw.com*
7   12670 High Bluff Drive
    San Diego, CA 92130
8   (858) 523-5400 / (858) 523-5450 Fax

9   Attorneys for Plaintiff
    craigslist, Inc.
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14  CRAIGSLIST, INC., a Delaware corporation,      CASE NO. CV 12-03816 CRB

15                 Plaintiff,                       **(1) PLAINTIFF CRAIGSLIST, INC.'S
                                                    CONSOLIDATED REPLY IN SUPPORT OF
16       v.                                         MOTION FOR LEAVE TO FILE THIRD
                                                    AMENDED COMPLAINT**
17  3TAPS, INC., a Delaware corporation;
    PADMAPPER, INC., a Delaware            **(2) DECLARATION OF ROBERT J.
18  corporation; DISCOVER HOME             ELLISON**
    NETWORK, INC., a Delaware corporation
19  d/b/a LOVELY; HARD YAKA, INC., a       **(3) EXHIBITS A - H**
    Delaware corporation; BRIAN R. NIESSEN,
20  an individual; ROBERT G. KIDD, an      **(4) DECLARATION OF JENNIFER L.
    individual; and Does 1 through 25, inclusive,   BARRY**
21
                   Defendants.                      Hearing Date: June 12, 2015
22                                                  Time: 10:00 a.m.
                                                    Courtroom:  6
23                                                  Judge:  Hon. Charles Breyer
24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion for
Leave to File Third Amended Complaint

1

## TABLE OF CONTENTS

2
                                                                              **Page**

3   I.          INTRODUCTION ........................................................................... 1

4   II.         ARGUMENT ................................................................................. 2

5          A.    Defendants Present No Credible Evidence of Bad Faith. ..................................... 2

6          B.    Defendants Fail to Demonstrate They Will Suffer Any Legally
                 Cognizable Prejudice by the Proposed Amendments ........................................... 6
7
                 1.    Additional Discovery Is Unnecessary ..................................................... 6
8
                 2.    The Possibility For Additional Discovery Alone Does Not
9                      Prejudice Defendants ....................................................................... 7

10               3.    The Potential For Increased Liability Is An Insufficient
                       Reason To Deny Leave to Amend ........................................................ 8
11
           C.    Defendants Fail To Demonstrate Any Undue Delay ........................................... 8
12
                 1.    craigslist's Vicarious Copyright Infringement Claim Is
13                     Based On Newly Discovered Facts ......................................................... 8

14               2.    craigslist's Contributory Copyright Infringement Claim,
                       and Civil Conspiracy Allegations, are Based On Newly
15                     Discovered Facts ........................................................................... 10

16               3.    Delay Alone Is An Insufficient Basis For Denying Leave
                       To Amend ................................................................................... 11
17
           D.    Defendants Fail To Demonstrate craigslist's Amendments Are
18               Futile ........................................................................................... 12

19               1.    craigslist's Theory of Trespass Harm Is Viable ...................................... 12

20               2.    craigslist Adequately Alleges Derivative Copyright
                       Infringement Claims And Civil Conspiracy ........................................... 13
21
     III.        CONCLUSION ............................................................................. 13
22

23

24

25

26

27

28

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

i

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion for
Leave to File Third Amended Complaint

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

## **CASES**

4

5

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ............................................................................2, 12

6

7

*eBay, Inc. v. Bidder's Edge, Inc.*
    100 F. Supp. 2d 1058 (N.D. Cal. 2000) ...........................................................4, 12

8

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ..................................................................................1

9

10

*Foman v. Davis*,
    371 U.S. 178 (1962) ..............................................................................................11

11

12

*Giuliano v. SanDisk Corp.*,
    2014 U.S. Dist. LEXIS 132163 (N.D. Cal. Sept. 19, 2014) ....................................6

13

*Harris v. Rand*,
    682 F.3d 846 (9th Cir. 2012) ................................................................................13

14

15

*Hip Hop Beverage Corp. v. RIC Representacoes Importacaco e Comercio Ltda*,
    220 F.R.D. 614 (C.D. Cal. 2003) .....................................................................12, 13

16

*Howey v. United States*,
    481 F.2d 1187 (9th Cir. 1973) .............................................................................1, 7

17

18

*Intel Corp. v. Hamidi*,
    30 Cal. 4th 1342 (2003) .....................................................................................5, 12

19

20

*Kelly v. Applera Corp.*,
    2008 WL 901670 (N.D. Cal. Mar. 31, 2008) ...........................................................8

21

*Leon v. IDX Sys. Corp.*,
    464 F.3d 951 (9th Cir. 2006) ....................................................................................2

22

23

*Mansfield v. Jones-Pfaff*,
    2014 U.S. Dist. LEXIS 173772 (W.D. Wash. Dec. 16, 2014)...................................2

24

25

*Mir v. Fosburg*,
    646 F.2d 342 (9th Cir. 1980) ................................................................................11

26

*Oppenheimer v. Allvoices, Inc.*,
    2014 U.S. Dist. LEXIS 903210 (N.D. Cal. June 10, 2014) ......................................9

27

28

*Phoenix Solutions, Inc. v. Sony Electronics, Inc.*,
    637 F. Supp. 2d 683 (N.D. Cal. 2009) ......................................................................6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

*Register.com, Inc. v. Verio, Inc.*,
   126 F. Supp. 2d 238 (SDNY 2000)................................................................12

*Register.com v. Verio, Inc.*,
   356 F.3d 393 (2nd Cir. 2004)....................................................................4

*Rosati v. Bekhor*,
   2007 Bankr. LEXIS 4821 (Bankr. 9th Cir. March 10, 2007) ...............7, 8

*Securities & Exchange Comm'n. v. Glick*,
   1980 U.S. Dist. LEXIS 12141 (D. Nev. June 12, 1980) .........................7

*Segal v. Brachfeld*,
   2012 U.S. Dist. LEXIS 124507 (N.D. Cal. Aug. 31, 2012)....................8

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ...............................................................9

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) .................................................7

*Ticketmaster Corp. v. Tickets.com, Inc.*,
   2000 U.S. Dist. LEXIS 12987 (C.D. Cal. Aug. 10, 2000)....................12

*United States v. Manchester Farming P'ship*,
   315 F.3d 1176 (9th Cir. 2003) ...............................................................2

## RULES

Fed. R. Civ. P. 8 ......................................................................................10

Fed. R. Civ. P. 15 ..................................................................................1, 6

Fed. R. Civ. P. 15(a) .............................................................................6, 7

## OTHER AUTHORITIES

C. Wright, A. Miller & M. Kane, 6 Fed. Practice & Proc. Civ. 2d § 1487 ....................................8

C. Wright and A. Miller, Federal Practice & Procedure § 1219 at 145........................................11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3   Neither 3taps, Inc., Robert G. Kidd and Hard Yaka, Inc. (the "3taps Defendants") nor

4   PadMapper, Inc. ("PadMapper") (together, "Defendants") have advanced evidence or argument

5   sufficient to rebut the *extremely liberal presumption* in favor of granting craigslist, Inc.

6   ("craigslist") leave to amend its operative complaint under Rule 15.  Indeed, craigslist's Motion

7   should be granted for at least the following reasons:

8   • craigslist's narrow proposed amendments are of the very sort that Rule 15 is designed to

9     permit—*i.e.*, they ensure that the operative complaint reflects the pertinent facts as they

10    were learned in discovery and includes new claims arising from those facts so that this

11    case will be tried on the merits.  Indeed, amendments are often allowed *during* trial to

12    ensure adjudication on the merits (*See Howey v. United States*, 481 F.2d 1187, 1191 (9th

13    Cir. 1973)) and, here, no trial date has even been set.

14   • Defendants failed to present any credible evidence of bad faith.  Instead, Defendants offer

15    unsupported accusations that craigslist acted with "indications of bad faith" and

16    intentionally delayed requesting leave to amend to achieve some supposed tactical

17    advantage by depriving Defendants of the opportunity to take discovery on craigslist's

18    new claims.  Defendants' position is unsupported by the facts and, in any event, wholly

19    inadequate to prevail under controlling law.

20   • Defendants cannot credibly profess prejudice (the "touchstone of the inquiry" that

21    "carries the greatest weight"[1]) because the proposed new claims merely are derivative of

22    claims in the operative Complaint, and thus require no additional discovery.  If the Court

23    believes that limited discovery is reasonably necessary for Defendants to defend against

24    craigslist's new claims, then craigslist will, of course, provide it.

25   • Through enormous time, expense and effort, craigslist recently discovered (during

26    depositions in March and April and Defendants' written discovery responses and

27

28   [1] *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion for
Leave to File Third Amended Complaint

1      document productions) new evidence, and moved promptly for leave to amend.

2    •   Defendants fail to articulate how any of the proposed amendments would be "futile."  To

3          the contrary, craigslist's proposed amendments satisfy the relevant pleading standard, are

4          well grounded in the applicable law, and are crucial to a fair and full determination of this

5          dispute on the merits and to protect craigslist's users from Defendants' egregious and

6          unlawful conduct.

7 craigslist therefore respectfully requests that the Court grant this Motion and allow craigslist to

8 file the Third Amended Complaint ("TAC").

9 **II.     ARGUMENT**

10      **A.     Defendants Present No Credible Evidence of Bad Faith.**

11          craigslist in no way engaged in bad faith.  Recognizing the gravity of bad faith

12 accusations, courts generally require a party claiming bad faith to demonstrate that the moving

13 party "act[ed] with intent to deceive, harass, mislead, delay, or disrupt."  *Mansfield v. Jones-*

14 *Pfaff*, No. C14-0948JLR, 2014 U.S. Dist. LEXIS 173772, at *26-27 (W.D. Wash. Dec. 16,

15 2014), *citing Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).  Bad faith "implies the

16 conscious doing of a wrong because of ***dishonest purpose or moral obliquity***. . . . [I]t

17 contemplates a state of mind affirmatively operating with ***furtive design or ill will***."  *United*

18 *States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) (emphasis added);

19 *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("Since there is no

20 evidence in the record which would indicate a wrongful motive, there is no cause to uphold the

21 denial of leave to amend on the basis of bad faith.")  Here, Defendants incorrectly accuse

22 craigslist of engaging in bad faith in connection with its proposed Third Amended Complaint.

23 To get there, Defendants rely on factual misrepresentations and unsupported "suggestions" that,

24 even if true (they are not), would still fall far short of "bad faith" under the law of this Circuit.

25         ***First***, the 3taps Defendants contend that "craigslist's counsel notified Defendants of

26 craigslist's intent to file an amended complaint on March 19, but refused to disclose the proposed

27 amendments."  (3taps Opp. at 1.)  This is a grossly misleading characterization of the facts.  In

28 reality, on March 17, counsel for the 3taps Defendants called craigslist's counsel requesting, for

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

the first time, that craigslist stipulate to the 3taps Defendants' filing of a Second Amended

Answer.  (Declaration of Robert J. Ellison ("Ellison Decl.), ¶ 2.)  This issue was revisited

following a discovery hearing on March 19, at a meet and confer among counsel about unrelated

discovery issues, during which counsel briefly discussed whether craigslist would so stipulate.

(Declaration of Jennifer L. Barry ("Barry Decl."), ¶ 3.)  At that time, craigslist's counsel stated

that craigslist might also move to amend its complaint, but first needed to conduct additional

discovery and to determine the scope of its potential amendments.  (*Id.*)  craigslist's counsel

suggested a global stipulation regarding the 3taps Defendants' and craigslist's potential

amendments once craigslist determined how it proposed to amend its complaint.  (*Id.*)  The 3taps

Defendants declined to stipulate and filed their motion for leave to file an amended answer,

which craigslist did not oppose.  (*Id.*)  After taking additional discovery, the precise nature of

craigslist's proposed amendments crystallized and, at that time, craigslist provided Defendants

with the details of the proposed amendments and sought a stipulation for the filing of the TAC.

(Ellison Decl., ¶ 3.)  Defendants declined.  (*Id.*, ¶ 5.)  For the 3taps Defendants to represent that

craigslist's counsel "refused to disclose" its amendments is baseless and completely misleading.

The fact that craigslist did not describe any proposed amendments on March 19 is simply

because the specifics of any potential amendments had not yet been finalized.  In short, craigslist

did not "refuse" anything, and it certainly did not act in bad faith.

   ***Second***, Defendants argue that craigslist's "decision" to "wait" to file its Motion until a

week before the close of fact discovery "suggests" a tactical delay akin to bad faith.  (3taps Opp.

at 1; PadMapper Opp. at p. 5.)  Again, this baseless "suggestion" ignores the facts.  As craigslist

informed Defendants on March 19, craigslist did not file at that time because it needed additional

discovery.  Indeed, 18 depositions were taken by the parties and Defendants served eight written

discovery responses *after* March 19.  (Ellison Decl., ¶ 3.)  As explained to Defendants, this

extensive discovery was used to inform and finalize craigslist's amendments.  Defendants'

assertions that this so-called delay was a "tactical decision" to prevent them from taking

additional discovery—and anything other than a product of the discovery schedule agreed upon

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1  by the parties—is simply inaccurate.[2]

2  **Third**, Defendants further attempt to concoct "strong" (3taps Opp. at p. 1) or "clear

3  indications" (PadMapper Opp. at p. 1) of bad faith where none exist, by pointing to craigslist's

4  proposed amendment to narrow and clarify its theory of trespass harm, and craigslist's alleged

5  "failure to acknowledge the proposed amendment" in its motion.  Far from a "surreptitious

6  attempt to belatedly amend its trespass claim" or a "last-ditch effort" to avoid dismissal at

7  summary judgment (3taps Opp. at p. 1), craigslist's slight revision of Paragraph 193 of the

8  Second Amended Complaint ("SAC") simply clarifies the specific sub-species of trespass harm

9  that craigslist is alleging (which sub-species was already encompassed by ¶ 193 of the SAC),

10  thereby narrowing the trespass claim in accordance with the plain language of Judge Corley's

11  April 2, 2015 Order (Dkt. No. 223).

12  Indeed, Defendants' feigned surprise regarding craigslist's trespass theory of harm—

13  much less their accusations of bad faith—are incredible in light of the parties' weeks-long

14  discovery efforts and several hundred attorney hours spent litigating the issue of trespass harm.

15  To be clear, craigslist asserted this specific theory of trespass harm at least as far back as

16  November 12, 2014.  (*See* Dkt. No. 148, at 34-35 ("[I]f scraping were permitted to proliferate,

17  then craigslist's servers would reach a point where they are so overburdened and slow as to be

18  beyond the point of usefulness to support its website.") (citing *eBay, Inc. v. Bidder's Edge, Inc.*

19  100 F. Supp. 2d 1058, 1071-72 (N.D. Cal. 2000) and *Register.com v. Verio, Inc.*, 356 F.3d 393,

20  404 (2nd Cir. 2004)).[3]  In November 2014, Defendants had not yet noticed a single deposition

21  (they subsequently took 10) and were far from done propounding written discovery (they

22  subsequently served on craigslist a combined 98 requests for production, 46 interrogatories, and

23  52 requests for admission).

24  Moreover, on April 2, 2015, after the parties engaged in extensive briefing and oral

---

[2]  PadMapper's argument that craigslist filed the motion to "prolong the litigation" is equally meritless.  As explained in Section II.B.1, the TAC would change nothing about the schedule because additional discovery is unnecessary.

[3]  PadMapper incorrectly asserts that craigslist asserted this theory of harm for the first time *after* Judge Corley's April 2, 2015 Order.  (PadMapper Opp. at p. 4.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1   argument regarding the very issue of trespass harm, Judge Corley expressly recognized that

2   craigslist was pursuing a trespass theory of harm based on the likelihood of a pile-on effect

3   should a court endorse Defendants' scraping:

> craigslist intends to prove that Defendants' conduct has a 'pile-on effect' –i.e., the idea that Defendants' conduct encourages further scraping, which threatens to interfere with the intended function of its computer system. In other words, even if, as conceded . . ., Defendants' conduct has not thus far interfered with the efficient function of craigslist's computer system, allowing the conduct to continue will encourage others to engage in similar conduct which will eventually have a detrimental effect on the system. *See Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1353-54 (2003).

9   (Dkt. No. 223, at 2.) Judge Corley then ordered craigslist to produce "all documents on which it

10  may rely to support its theories of harm upon which its trespass claim is based and shall identify

11  any witness who might testify in support of these facts." (*Id.*) In addition to the evidence of

12  harm it had already produced, craigslist subsequently identified these witnesses (who had not yet

13  been deposed) and produced substantial evidence that will serve as the basis for its contention

14  that Defendants' conduct constitutes an unlawful trespass. (Ellison Decl., ¶ 4].)

15          Defendants had ample opportunity to and did, in fact, question craigslist's witnesses

16  about its trespass harm theory and evidence. Indeed, Defendants took *nine* depositions of

17  craigslist witnesses weeks after craigslist's productions following Judge Corley's April 2 Order.

18  craigslist's Chief Executive Officer Jim Buckmaster's deposition testimony is but one example

19  of the extensive testimony elicited by Defendants on the issue of craigslist's trespass harm:

> 3taps is disproportionately using some aspects of our site; for instance, the segments of our site that protect our users' contact information. 3taps' activity . . ., at times, constitutes 30 percent of the activity on those resources of our site. So, currently, we have a situation where this resource on our site, out of every 100 requests, 70 are from our tens of millions of users, and 30 are from 3Taps. If it's okay for 3taps to do it, it's okay for everyone to do it. So let's say, there's 1,000 3taps. So that's 30,000 units of activity from the 3taps, et al., and 70 units from our tens of millions of users. What do you think about that? Does that sound reasonable to you? Now, what are our users supposed to think about that scale of abuse? And this is a party that's been told every which way to stop doing what they're doing.

27  (Ellison Decl., ¶ 7, Ex. B, pp. 141-142.)

28          There is nothing even remotely approaching evidence of "bad faith" in craigslist's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1   proposed amendment to Paragraph 193, which is simply intended to clarify the specific theory of

2   trespass harm, consistent with Judge Corley's order.  Nor, as discussed below, can Defendants

3   credibly claim any potential for prejudice arising from that particular amendment, in light of the

4   ample notice and opportunities for discovery regarding the "pile-on" theory of trespass harm.

5          In sum, there are no "indications of bad faith" by craigslist (let alone actual bad faith) and

6   Defendants' counterfactual accusations must be rejected.[4]

7   **B.      Defendants Fail to Demonstrate They Will Suffer Any Legally Cognizable**

8          **Prejudice by the Proposed Amendments**

9          Defendants' unfounded allegations of bad faith appear to be intended to obfuscate the

10  most important factor in the analysis:  whether any legally cognizable prejudice to Defendants

11  would result from the Court granting leave to amend.  At bottom, Defendants' allegations of

12  prejudice are premised on the unsupported argument that they need additional discovery on

13  craigslist's proposed amendments.  This is simply not the case—nor, if it was, would that be

14  sufficient to overcome Rule 15(a)'s presumption in favor of leave to amend.

15         **1.      Additional Discovery Is Unnecessary**

16         Defendants fail to identify *any additional discovery* that they reasonably need to defend

17  against craigslist's claims (because they need none).[5]  *See Giuliano v. SanDisk Corp*., No: C 10-

18  02787 SBA, 2014 U.S. Dist. LEXIS 132163, at *19 (N.D. Cal. Sept. 19, 2014) (finding no

19  _____

20  [4]  PadMapper also argues that craigslist's proposed new claims are asserted only "to try to get
    around deficiencies identified in the course of discovery."  (PadMapper Opp. at 2.)  As noted in
21  Sections II.A, II.C and II.D, however, craigslist's proposed claims against PadMapper are viable
    and based on newly discovered evidence.  These are precisely the types of amendments Rule 15
22  is designed to permit.

23  [5]  For example, Defendants argue that they would need additional discovery if craigslist is
    permitted to amend Paragraph 193 of the SAC (regarding trespass harm).  As explained above in
24  section II.A, craigslist's modest revision would in no way enlarge or change the scope of the
    issues and Defendants have been on notice of craigslist's theory of trespass harm since at least
25  November 2014.  *See Phoenix Solutions, Inc. v. Sony Electronics, Inc.*, 637 F. Supp. 2d 683, 691
    (N.D. Cal. 2009) ("When the defendant was on notice of the additional proposed factual
26  allegations, the defendant is not seriously prejudiced by the amendment.").  For the same
    reasons, the potential areas of discovery that the 3taps Defendants purportedly "would have"
27  sought to "undermine craigslist's theory that Defendants' conduct will encourage others to
    unlawfully access craigslist's website" (3taps Opp. at 10) are unpersuasive and insufficient to
28  warrant denial of leave to amend.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1    prejudice where "SanDisk has not shown that the 4AC significantly alters the nature of this

2    litigation.  Indeed, the issues raised in the 4AC are substantially related to the issues contained in

3    the TAC."); *Howey*, 481 F.2d at 1191 (finding no prejudice even where amendment was sought

4    five years after filing of initial complaint and trial had begun because the defendant's

5    "preparation of a defense against [existing] claims necessarily included a factual and legal

6    investigation covering the same area which would be explored . . . in defending against the [new

7    claims]").  This failure is dispositive.[6]

8              2.       **The Possibility For Additional Discovery Alone Does Not Prejudice**

9                       **Defendants**

10             Even if the proposed amendments warranted additional discovery by Defendants (they do

11    not), it is well-established that such a possibility, alone, is insufficient to demonstrate the

12    "substantial" prejudice necessary to overcome the presumption in favor of granting leave to

13    amend:  "By definition any amendment worth making would require additional legal work by the

14    opponent in the future, so leave to amend would never be granted if that were cognizable

15    prejudice."  *Rosati v. Bekhor*, No. CC-06-1160-MoDT, 2007 Bankr. LEXIS 4821, at *31 (Bankr.

16    9th Cir. March 10, 2007); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128,

17    1158 (N.D. Cal. 2010) ("To overcome Rule 15(a)'s liberal policy with respect to the amendment

18    of pleadings a showing of prejudice must be *substantial*.  Neither delay resulting from the

19    proposed amendment nor the prospect of additional discovery needed by the non-moving party

20    in itself constitutes a sufficient showing of prejudice."); *Securities & Exchange Comm'n. v.*

21    *Glick*, No. Civ.-LV-78-11, 1980 U.S. Dist. LEXIS 12141, at *7 (D. Nev. June 12, 1980) ("[T]he

22    fact that Glick may have to engage in additional discovery which will be time consuming or

23    expensive does not constitute the type of prejudice that would justify a denial of the motion to

24    amend.").  It is only when a proposed amendment would require parties to engage in

25    _____

26    [6]  PadMapper's separate argument that it would have devoted additional resources had it known
     of craigslist's new claims is meritless.  PadMapper's counsel barely participated in any of the 19
27    depositions of the 3taps and craigslist witnesses taken during fact discovery, relied on the 3taps
     Defendants' experts (having not retained any experts of its own during fact discovery), and took
28    a backseat to the 3taps Defendants in nearly all of the discovery disputes between the parties.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1    "substantial" additional discovery that a party may be prejudiced.  *See Kelly v. Applera Corp.*,

2    No. C-07-3002 MMC, 2008 WL 901670, at *1 (N.D. Cal. Mar. 31, 2008) (finding prejudice

3    where an amendment would require the parties "to engage in a substantial amount of additional

4    discovery").

5            Here, *no* additional discovery will be needed as a result of craigslist's proposed

6    amendments, let alone the *substantial* amount necessary to support a finding of *substantial*

7    prejudice.

8                    3.      **The Potential For Increased Liability Is An Insufficient Reason To**

9                            **Deny Leave to Amend**

10           The TAC includes a vicarious liability claim against the 3taps Defendants based on their

11   involvement in the infringing activities of Mr. Niessen and the other individuals or entities

12   employed by the 3taps Defendants to scrape copyrighted content from the craigslist website.

13   The 3taps Defendants correctly point out that the proposed addition of this vicarious copyright

14   infringement claim exposes them to increased liability.  But that is no reason to deny leave to

15   amend.[7]  *See Rosati*, 2007 Bankr. LEXIS 4821, at *23 ("Any amendment to a complaint is

16   prejudicial in some sense, because any amendment worth making increases potential liability, but

17   that is not typically a ground for denying leave to amend."), citing C. Wright, A. Miller & M.

18   Kane, 6 Fed. Practice & Proc. Civ. 2d § 1487, text accompanying n.13.

19       **C.      Defendants Fail To Demonstrate Any Undue Delay**

20                    1.      **craigslist's Vicarious Copyright Infringement Claim Is Based On**

21                            **Newly Discovered Facts**

22           craigslist proposed to add the derivative copyright infringement claim against the 3taps

23   _____

24   [7]  The 3taps Defendants suggest – with no specific factual support – that they would have
     "allocated resources" differently had they known of the derivative copyright claim.  (3taps Opp.

25   at p. 10.)  This bald claim is wholly insufficient to demonstrate the *substantial* prejudice needed
     to overcome the presumption in favor of granting leave to amend.  *See e.g. Segal v. Brachfeld*,

26   No. C -11-05524 EDL, 2012 U.S. Dist. LEXIS 124507, at *6-7 (N.D. Cal. Aug. 31, 2012)
     (rejecting defendant's argument that it was prejudiced because it "took strategic steps based on

27   the original complaint").  Unless Defendants were prepared to depose *their own* offshore agents,
     it is unclear what specific discovery Defendants would have undertaken (that it did not already

28   undertake) to combat this claim.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1  Defendants and Mr. Niessen when it uncovered during discovery the facts necessary to support

2  the claim.  While the allegations in the proposed TAC certainly give sufficient notice to

3  Defendants[8] (*see Oppenheimer v. Allvoices, Inc.*, No. C 14-00499, 2014 U.S. Dist. LEXIS

4  903210, at *37 (N.D. Cal. June 10, 2014) ("[T]he court finds that Plaintiff has alleged sufficient

5  facts to support a plausible claim for vicarious copyright infringement . . ."); *cf. Starr v. Baca*,

6  652 F.3d 1202, 1212 (9th Cir. 2011) ("[U]nder the federal rules a complaint is required only to

7  give the notice of the claim such that the opposing party may defend himself or herself

8  effectively.")), craigslist is nevertheless happy to detail the additional facts recently uncovered in

9  discovery that establish the extent to which the 3taps Defendants controlled, and benefited from,

10  the conduct of the directly infringing scrapers, including Mr. Niessen.  For example:

11  • On April 28, 2015, Mr. Kidd testified that 3taps paid Mr. Niessen pursuant to an

12    agreement and directed Niessen to change the way the data was acquired after this court's

13    ruling on the 3taps Defendants' Motion to Dismiss.  (Ellison Decl. ¶ 8, Ex. C, pp. 89-90.)

14  • On March 26, 2015, Meg Nakamura, 3taps' co-founder and Chief Operating Officer,

15    testified that Mr. Niessen was 3taps' "main source of user content on craigslist" for

16    several years.  (Ellison Decl., ¶ 9, Ex. D, p. 83.)

17  • Ms. Nakamura further testified that Mr. Niessen "played a bunch of roles" at 3taps,

18    characterizing him as "very similar" to a "provisional CTO" and a member of the 3taps

19    management team.  (*Id.*, pp. 88-92.)  She also testified that she worked with Mr. Niessen

20    on a daily basis from 2009 through 2013.  (*Id.*, p. 95.)

21

22

23  ─────────────────

    [8]  craigslist alleges, *inter alia*, that "craigslist content scraped on behalf of 3taps can be traced directly to Mr. Niessen," (TAC, ¶ 98); that "Mr. Kidd directed one of his scraping agents, Mr.
24  Niessen, 'to keep going' on a plan to amass so many IP address proxies that it would be difficult for craigslist to detect the scraping" (TAC, ¶ 163); that Kidd "personally, and at his sole
25  direction, attempted to either hire or otherwise encourage a 'crowd' of scrapers to obtain craigslist content for him . . . ," (TAC, ¶ 164) (emphasis added); that Kidd informed various
26  direct infringers that 3taps would "provide the foundation software that a third party can run if they want to be a distributed or crowdsourcing grabber" and would "spot ya all the money to get
27  going and then pay a profit margin on top of costs to make it worth your while," (TAC, ¶ 165); and that "Mr. Kidd directed and encouraged [scraping] activities with the knowledge that such
28  activities are unlawful and violated craigslist's TOU." (TAC, ¶ 167; *see also* TAC, ¶¶ 262-272.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1    • On or around February 7, 2015, 3taps produced an email from Ms. Nakamura[9] to 3taps'

2      Ukrainian scrapers in which Ms. Nakamura demanded that they "no longer hit[ ] CL

3      directly" and established 3taps' "expectations for data volumes." (Ellison Decl., ¶ 10,

4      Ex. E.)

5    These facts, and others, were discovered by craigslist at the end of the discovery period, thus

6    spawning the present request for leave to amend to include craigslist's vicarious copyright

7    infringement claim against the 3taps Defendants.

8         2.    **craigslist's Contributory Copyright Infringement Claim, and Civil**

9               **Conspiracy Allegations, are Based On Newly Discovered Facts**

10        Similarly craigslist also moved expeditiously to add allegations to support its claim for

11   contributory copyright infringement against PadMapper and Mr. Niessen and civil conspiracy

12   allegations against PadMapper (Motion at p. 7), when the relevant facts came to light during

13   discovery.  The relevant allegations in the TAC, which are pled in sufficient detail to satisfy Rule

14   8, are supported by the following facts recently uncovered by craigslist during discovery:

15   • PadMapper stopped scraping craigslist directly because Eric DeMenthon, its founder and

16     CEO, was concerned about the legality and, as a result, decided to obtain craigslist's

17     content directly from 3taps.  (Ellison Decl. ¶ 11, Ex. F, pp. 231-32.)

18   • PadMapper knew that craigslist did not permit scraping on its website by PadMapper or

19     3taps and that craigslist was blocking 3taps, but nevertheless continued acquiring all of

20     its craigslist content from 3taps.  (*Id.*, pp. 243-47.)

21   • PadMapper paid thousands of dollars to acquire craigslist's content from 3taps and 3taps

22     has been the sole source of craigslist content on PadMapper's website since July 9, 2012

23     (Ellison Decl., ¶ 12, Ex. G, Response Nos. 7 and 9.)  PadMapper is historically one of

24     only three sources of revenue for 3taps.  (*Id.*, ¶ 13, Ex. H, p. 141.)

25   • 3taps made improvements to their services in response to PadMapper's input and

26     requests.  (Ellison Decl., ¶ 11, Ex. F, pp. 295, 298-99.)

27   ─────────────────────────

28   [9]  Ms. Nakamura sent the email "from [her] personal email account because everything in the
     3taps email might become available to the lawyers for our lawsuit."  (Ellison Decl., ¶ 10, Ex. E.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO                                    10                      Case No. CV 12-03816 CRB
                                                                   craigslist's Consolidated Reply iso Motion
                                                                   for Leave to File Third Amended Complaint

1    • Mr. DeMenthon has extensive knowledge of the 3taps API which he has acquired from

2        years of collaborating with and relying on 3taps. (*See, e.g., Id.*, pp. 261-67.)

3        PadMapper's effort to prevent craigslist from testing its contributory copyright and

4    conspiracy allegations on the merits on the basis that craigslist uncovered this information close

5    to the discovery cut-off should be rejected.[10]

6            3.    **Delay Alone Is An Insufficient Basis For Denying Leave To Amend**

7        Even assuming, for the sake of argument, that craigslist's proposed derivative copyright

8    claims could theoretically have been included in its prior complaint, that alone would not provide

9    a sufficient basis for denying leave to amend to add those claims.  The Supreme Court has

10   unequivocally stated that, absent extraordinary circumstances, a plaintiff "ought to be afforded

11   an opportunity to [amend its complaint and] test [its] claim[s] on the merits." *Foman v. Davis*,

12   371 U.S. 178, 182 (1962).  In accordance with this principle, the Ninth Circuit has recognized

13   that "[t]he federal rules, and the decisions construing them, evince a belief that when a party has

14   a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis

15   of the claim at the pleading stage, provided always that a late shift in the thrust of the case will

16   not prejudice the other party in maintaining his defense upon the merits." *Mir v. Fosburg*, 646

17   F.2d 342, 347 (9th Cir. 1980), citing C. Wright and A. Miller, Federal Practice & Procedure

18   § 1219 at 145.

19       craigslist's new claims are viable and should be decided on the merits.  Indeed, the emails

20   attached as exhibits to the Declaration of Venkat Balasubramani plainly demonstrate that

21   craigslist's claims for contributory copyright infringement and conspiracy against PadMapper

22   have merit, as the emails reveal that the relationship between PadMapper and 3taps was more

23   than merely that of buyer and seller; to the contrary, PadMapper was substantially involved in

24   both the decision to scrape and the process of scraping data from craigslist.  (*See e.g.*,

25   Balasubramani Decl., Exs. C-F.)  Thus, even if the Court were to accept Defendants'

26   mischaracterizations of craigslist's amendments as claims that could have been brought earlier in

27   _____

28   [10]  craigslist deposed Mr. DeMenthon on March 18, 2015 and PadMapper served its Objections
     and Responses to craigslist's Second Set of Interrogatories on April 7, 2015.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1  the action, craigslist should nonetheless be granted leave to amend.

2      **D.      Defendants Fail To Demonstrate craigslist's Amendments Are Futile**

3          **1.      craigslist's Theory of Trespass Harm Is Viable**

4          Defendants' argue that craigslist's proposed revision to Paragraph 193 to clarify the

5  specific sub-species of trespass harm on which craigslist's trespass claim is based would be

6  "futile."  To be "futile," a proposed amendment must "clearly be subject to dismissal."  *Hip Hop*

7  *Beverage Corp. v. RIC Representacoes Importacaco e Comercio Ltda*, 220 F.R.D. 614, 622-23

8  (C.D. Cal. 2003) (quoting *DCD Progs., Ltd.*, 833 F.2d  at 188).  Applying this standard,

9  craigslist's proposed revision is far from futile, for at least the following reasons:

10         ***First***, the so-called "pile-on effect" theory of trespass harm is an accepted form of

11  trespass harm that has been accepted by federal courts (including in this district) for more than a

12  decade. *See, e.g., eBay*, 100 F. Supp. 2d at 1066 ("If BE's activity is allowed to continue

13  unchecked, it would encourage other auction aggregators to engage in similar recursive

14  searching of the eBay system such that eBay would suffer irreparable harm from reduced system

15  performance, system unavailability, or data losses.); *Register.com, Inc. v. Verio, Inc.*, 126 F.

16  Supp. 2d 238, 249-51 (SDNY 2000) (granting injunction despite inability to measure the burden

17  the scraping had placed on plaintiff's system, because "if Verio's [scraping] were determined to

18  be lawful, then every purveyor of Internet-based services would engage in similar conduct" and

19  thus plaintiff had a legitimate fear "that its servers will be flooded by search robots"); *cf.*

20  *Ticketmaster Corp. v. Tickets.com, Inc.*, No. CV99-7654-HLH (BQRx), 2000 U.S. Dist. LEXIS

21  12987, at *17 (C.D. Cal. Aug. 10, 2000) (finding insufficient evidence of harm to chattel to

22  constitute actionable trespass to chattels, finding the effect of the scraping to be "very small" and

23  distinguishing eBay because "nor here is the specter of dozens or more parasites joining the fray,

24  the cumulative total of which could affect the operation of [plaintiff's] business.").[11]

25         ***Second***, Judge Corley has already ruled that craigslist is entitled to pursue this theory of

26  trespass harm and indicated that the theory is supported by *Intel Corp. v. Hamidi*, 30 Cal. 4th

27  ───────────────

28  [11]  Defendants' arguments regarding the merits of craigslist's theory of trespass harm appear to constitute an improper attempt to get advance rulings on their summary judgment arguments.

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint

1342, 1353-54 (2003). (*See* Section II.A.)

2.      **craigslist Adequately Alleges Derivative Copyright Infringement Claims And Civil Conspiracy**

Likewise, craigslist should be entitled to test its claims on the merits and the adequacy of its proposed additional allegations is not properly determined at the motion for leave to amend stage. *See Hip Hop Beverage*, 220 F.R.D. at 622-23; *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). In any event, as explained above in Sections II.A, II.C.1, and II.C.2, craigslist adequately alleges its proposed claims for derivative copyright infringement and civil conspiracy. craigslist also uncovered extensive facts during discovery that form the basis for its new claims and that it will offer (on summary judgment and/or at trial) to support the proposed additional allegations in the TAC. (*See* Sections II.A.1; II.C.1; II.C.2.) Accordingly, craigslist's proposed amendments regarding secondary copyright liability and civil conspiracy are not futile.

## III.      CONCLUSION

For the foregoing reasons, and those set forth in the Motion, craigslist respectfully requests that the Court grant craigslist leave to amend its operative complaint, in the manner reflected in the proposed TAC submitted as Exhibit 1 to the Motion.

Dated: May 21, 2015                        LATHAM & WATKINS LLP

                                          By:   /s/ *Perry J. Viscounty*
                                               Perry J. Viscounty
                                               Jennifer L. Barry

                                               Attorneys for Plaintiff
                                               CRAIGSLIST, INC.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

Case No. CV 12-03816 CRB
craigslist's Consolidated Reply iso Motion
for Leave to File Third Amended Complaint