IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIGSLIST, INC., | No. 3:12-cv-03816-CRB |
| Plaintiff, | **ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT** |
| v. | |
| 3TAPS, INC., et al., | |
| Defendants. | |

Plaintiff Craigslist ("Craigslist") has filed a motion for default judgment against Defendant Niessen ("Niessen"). See Motion for Default Judgment (dkt. 277). The Clerk of Court entered a notice of default against Niessen after he failed to respond to the Amended Complaint. See Clerk's Notice of Default (dkt. 276); see also Amended Complaint ("Complaint") (dkt. 35). The Court has reviewed Craigslist's motion and has given the Defendant an opportunity to respond in writing and to appear at a hearing on October 9, 2015. See Minute Entry (dkt. 277). Defendant has not responded or appeared. For the reasons outlined below, the Court GRANTS Craigslist's motion for default judgment.

## I. Factual Background

This section accepts as true the well-pled factual allegations in the complaint regarding liability. See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

### A. Craigslist and its Terms of Use

Craigslist is a Delaware corporation, with its principal place of business and headquarters in San Francisco, California. Compl. ¶¶ 17, 26. It maintains one of the world's most popular websites, offering a platform for millions of authorized users to seek employment, search for housing, and trade goods and services. Compl. ¶ 25. Craigslist's Terms of Use ("TOU") grant users a limited revocable license to access and use Craigslist's website in accordance with its terms. Compl. ¶ 42; see also Declaration of William C. Powell (dkt. 279) ("Powell Decl.") ¶¶ 4-6, Exs. E-G. The TOU prohibit, among other things, "[a]ny copying, aggregation, display, distribution, performance or derivative use of craigslist or any content posted on craigslist whether done directly or through intermediaries," except in narrow circumstances applicable to general purpose search engines. See Powell Decl. ¶ 4, Ex. E; Compl. ¶ 44. Craigslist users are required to accept the site's TOU before posting content to it. Compl. ¶ 36. If a user chooses not to accept the TOU, then the user will not be allowed to post. Id. ¶ 37.

### B. Niessen "Scrapes" Craigslist in Violation of the TOU

According to the complaint, Niessen is a self-described "hacker" who remotely accesses and extracts content from websites—including Craigslist—using a process called "scraping." See Barry Decl. ¶ 3, Ex. B; see also Compl. ¶ 75. Niessen began a relationship with Defendant 3taps[1] on April 30, 2010. See Barry Decl. ¶ 3, Ex. B. He responded to a Craigslist post seeking a "Skilled Hacker at Scraping Web Content" and stated that he was already scraping "over 7,500 sites like [c]raigslist, Twitter, Groupon, Zagat, and others." See id. 3taps commissioned Niessen to identify, source, copy, and redistribute Craigslist content, without authorization, for profit. See Barry Decl. ¶ 4, Ex. C. According to Megumi Nakamura, 3taps' Chief Operating Officer, Niessen "was already [scraping] sites like craigslist and a bunch of others . . . . And so, to the extent that [Niessen] was already doing this, 3taps was just a new place where he would send the data." Barry Decl. ¶ 5, Ex. D.

---

[1] The Court entered an order enjoining 3taps from similarly violating Craigslist's Terms of Use, among other things, on June 30, 2015. See Permanent Injunction (dkt. 272).

2

Craigslist alleges that this scraping and distribution of its content is unlawful, violated its TOU, and has "damaged craigslist, and caused and continue[] to cause irreparable . . . harm and injury to craigslist." Compl. ¶ 139.  Niessen has posted to Craigslist's website at least 37 times, verifying that he has acknowledged and agreed to be bound by Craigslist's TOU on at least 37 separate occasions.  Powell Decl. ¶ 2; Barry Decl. ¶ 6; Compl. ¶ 130-31.

### C. Procedural History

On November 20, 2012, Craigslist filed its Amended Complaint against Niessen and several additional defendants.  See Complaint (dkt. 35).  Craigslist alleged, among other things, that Niessen was liable for breach of contract for "willfully, repeatedly, and systematically" violating the TOU in his use of the Craigslist website.  Id. ¶¶ 131, 137.  Craigslist requested that the Court enjoin Niessen from violating its TOU and scraping its website.  Id. ¶ 141.  On July 3, 2014, Craigslist located Niessen and served him with the Complaint.  See Certificate of Service (dkt. 274).

This court has entered Orders of Final Judgment and Permanent Injunction against Niessen's codefendants.  See Lovely Order (dkt. 224); PadMapper Order (dkt. 271); 3taps Order (272).  Niessen is the only defendant who has not yet been permanently enjoined in this matter.  See Motion for Default Judgment (dkt. 277) at 2.  On August 7, 2015, the Clerk of Court entered a notice of default against Niessen after he failed to respond to the Complaint within the time set by Federal Rule of Civil Procedure 12.  See Clerk's Notice of Default (dkt. 276).  Craigslist now requests the entry of default judgment against Niessen, permanently enjoining him from violating the Craigslist TOU.  See Motion for Default Judgment (dkt. 277) at 2.

## II. Legal Standard

The Court may enter a default judgment upon motion by the Plaintiff after entry of default by the Clerk.  See Fed. R. Civ. P. 55(b).  Whether to grant a motion for the entry of a default judgment is within the discretion of the trial court.  See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956).  Upon an entry of default by the Clerk, the factual allegations

of the plaintiff's complaint will be taken as true, except those relating to the amount of damages. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

In determining whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). The Court has found subject matter jurisdiction over this matter in its prior orders, and regarding Niessen, Craigslist alleges that its TOU provides for jurisdiction in this Court and that Niessen made "systematic and continuous contacts with this judicial district" by accessing Craigslist's servers and targeted his "wrongful acts at craigslist, which is headquartered in this judicial district." Compl. ¶ 14-15. This Court thus has "jurisdiction over both the subject matter and the parties." Tuli, 172 F.3d at 712 ; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

## III. Discussion

### A. The Eitel Factors

This Court examines the following factors in determining whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the likelihood of obtaining a decision on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, these factors all weigh in favor of granting the injunctive relief requested by Craigslist.

Under the first factor, Craigslist would be prejudiced if the court does not enter default judgment against Niessen. See id. Absent the requested injunction, Craigslist would be left without any means to enforce its TOU or protect the content of its website from Niessen's alleged misappropriation. See Am. Auto. Ass'n, Inc. v. AAA Auto Body & Repair, Inc., No. C14-04131 CRB, 2015 WL 1089746, at *3 (N.D. Cal. Feb. 27, 2015).

The second and third factors focus on the merits of Plaintiffs' substantive claim and the sufficiency of the Complaint. See Eitel, 782 F.2d at 1471–72. To state a claim for breach of contract, Craigslist must allege that: (1) a contract exists; (2) it performed its own duties

4

thereunder; (3) Niessen breached; and (4) Craigslist suffered damages as a result of the breach. Troyk v. Famers Grp., Inc., 171 Cal. App. 4th 1305, 1352 (2009). Here, Craigslist alleges that the TOU constitute a contract to which Niessen assented. Compl. ¶¶ 130-31. Craigslist further alleges that it has performed its own duties imposed pursuant to the TOU. Compl. ¶ 138. Finally, Craiglist alleges that Niessen willfully, repeatedly and systematically breached the TOU, and that this breach of the TOU damaged Craigslist. Id. ¶¶ 137, 139. Craigslist thus adequately pleads a breach of contract claim against Niessen and satisfies the second and third factors under Eitel. See 782 F.2d at 1471–72.

The fourth factor examines the sum of money at stake in the action. Eitel, 782 F.2d at 1471-72. Courts have held that where a plaintiff seeks only injunctive relief, this factor weighs in favor of granting default judgment. See United States v. Broaster Kitchen, Inc., No. CV 14-09421, 2015 U.S. Dist. LEXIS 88403, at *17 (C.D. Cal. May 27, 2015); United States v. Torres, No. 2:12-cv-10530, 2013 U.S. Dist. LEXIS 185079, at *5 (C.D. Cal. Apr. 17, 2013). Craigslist solely requests and injunction here, so this factor also weighs in favor of granting default judgment for Craigslist. See Motion for Default Judgment (dkt. 277) at 6.

Turning to remaining factors, there is no possibility of dispute over material facts because, upon an entry of default by the Clerk, the factual allegations of the plaintiff's complaint related to liability will be taken as true. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008); Eitel, 782 F.2d at 1471-72. Furthermore, there is no evidence of excusable neglect by Niessen, given that he was properly served with the Complaint over a year ago. See Certificate of Service (dkt. 274); Eitel, 782 F.2d at 1471-72. Finally, although default judgments are generally disfavored because cases should ordinarily be decided on the merits, see Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985), Niessen's failure to appear has made a decision on the merits impossible. See Eitel, 782 F.2d at 1471-72. Each of the Eitel factors thus weighs in favor of default judgment.

5

## B.     Injunctive Relief

Given that default judgment is warranted in this case, the Court must next determine the appropriate relief. Craiglist requests permanent injunctive relief to prohibit Niessen from violating its TOU and misusing Craigslist web content. See Motion for Default Judgment (dkt. 277) at 9. Injunctive relief is appropriate when a party demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." N. Cheyenne Tribe v. Norton, 503 F.3d 836, 843 (9th Cir. 2007).

Here, Craigslist has alleged irreparable injury from Niessen's "scraping" activities. See Compl. ¶ 139. Craigslist also argues that the clandestine nature of scraping, see Compl. ¶ 75, makes the extent of this injury difficult to calculate and translate into monetary damages, rendering remedies available at law inadequate. See Norton, 503 F.3d at 843. Regarding the balance of hardships, Craigslist asserts that it only requests compliance with its TOU, and thus imposes no hardship on Niessen. See id. Finally, Craigslist asserts that the public interest is not served by Niessen's breach of its TOU. See id. The Court thus concludes that injunctive relief is appropriate in this case.

## IV.    Conclusion

The Court GRANTS the Motion for Default Judgment and ORDERS that:

1.  Judgment is hereby entered against Niessen based on Craigslist's claim for breach of contract.
2.  Niessen and all of his employees, representatives, agents, and all other persons or entities acting in concert with him are hereby permanently and immediately enjoined from: (a) copying, reproducing, distributing, preparing derivative works from, distributing copies to the public, and/or publicly displaying the user-generated postings on craigslist's website; (b) knowingly and systematically inducing, causing, and/or materially contributing to the

unauthorized copying, reproduction, preparation of derivative works from, distribution of copies to the public, and/or public displaying the user-generated postings on craigslist's website; and (c) accessing or using craigslist's website for any commercial purpose that violates Craiglist's Terms of Use.

**IT IS SO ORDERED.**

Dated: October 9, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE